■ BARBARA LEW, Respondent, v ROBERT A. KAPLON, Appellant. — Order of the Supreme Court, New York County (R. White, J.), entered on July 7, 1983, which denied defendant's motion for summary judgment dismissing the complaint, is unanimously reversed, on the law, without costs, and the motion is granted with leave to plaintiff to file an amended complaint pursuant to CPLR 5225 (subd [b]) and under section 270 *et seq.* of article 10 of the New York Debtor and Creditor Law. Appeal from the order of the Supreme Court, New York County (Crangle, J.), entered on April 12, 1983, which, *inter alia,* granted defendant's motion for summary judgment to the extent of dismissing the cause of action in the complaint for tortious interference with the enforcement of a judgment, but granted leave to file an amended complaint on a breach of contract theory, dismissed as moot, without costs. Plaintiff-respondent Barbara Lew entered an employment agreement dated February 1, 1973, with

---

Empire Literary Service Guild (Empire), identified therein as a division of the Publisher's Guild, Inc. Pursuant to that agreement, Lew was to serve as general manager of Empire for a five-year period in charge of developing a program for sales of magazine subscriptions. The agreement was executed as "EMPIRE LITERARY SERVICE GUILD by Robert A. Kaplon." The stock of Publisher's Guild, Inc., which is now defunct, was at that time wholly owned by Kaplon. The agreement, among other things, contained a formula for determining Lew's regular compensation as well as a formula to determine her entitlement in the event of termination. The agreement also provided that computation of her compensation under either formula would be made by an accounting firm, and that any dispute over their determination would be resolved by arbitration. Plaintiff alleges that defendant Kaplon breached the 1973 agreement making her performance thereunder impossible. Thereafter, the dispute was submitted to arbitration which resulted in an award in favor of plaintiff against Empire Literary Service Guild. Lew entered judgment on the award in the amount of $79,925.17 on February 7, 1979. However, the Sheriff, New York County, returned the execution on the judgment unsatisfied because Empire had no assets. This was so because, prior thereto, Empire had transferred all its assets to defendant Kaplon's father by assignment dated July 1, 1978. The plaintiff then sued the defendant for intentional interference with collection of a money judgment. The complaint was dismissed with leave to file an amended complaint on a breach of contract theory. This was error. There was no individual obligation in contract. The agreement which was the basis of the original arbitration and money judgment was between the plaintiff and the corporation. Any claim against this defendant is based on the transfer of funds to the detriment of the creditor. (see *Cilco Cement Corp. v White,* 55 AD2d 668; *Julien J. Studley, Inc. v Lefrak,* 48 NY2d 954.) Concur — Kupferman, J. P., Sullivan, Carro, Milonas and Kassal, JJ.