■ MICHAEL A. COLACINO, Respondent, v LAURA J. POYZER et al., Appellants.—Judgment unanimously reversed on the law without costs and motion denied. Memorandum: Supreme Court should not have granted summary judgment against defendants. Defendants were the only directors, officers, and stockholders of ARP Development Corporation (ARP), which was formed to purchase and develop real property. They had lent money to the corporation. In July 1983, three parcels of land owned by the corporation were mortgaged and defen-

dants paid about $85,000 to themselves from the proceeds of that mortgage in order to repay personal loans they had made to the corporation.

In November 1980, the corporation purchased from plaintiff a fourth parcel of land in exchange for a purchase money mortgage in the amount of $38,000. The corporation defaulted on the mortgage and, in September 1983, plaintiff commenced a foreclosure action. Plaintiff obtained a deficiency judgment against ARP in the amount of $30,338, $15,000 of which has been paid.

In January 1988, plaintiff commenced this action against defendants, alleging that the transfer of funds to defendants from the corporation in July 1983 was in breach of defendants' fiduciary obligation to the corporation and to its creditor, the plaintiff. Plaintiff also alleged that the transfer left the corporation insolvent, defeating his ability to recover on the judgment.

In opposition to plaintiff's motion for summary judgment, defendants submitted an affidavit showing that defendants had made loans to the corporation in excess of the $85,000 they received from the corporation in July 1983, and stating that the corporation was not insolvent at that time.

Supreme Court, in granting summary judgment to plaintiff, stated that, "[r]egardless of the solvency or insolvency of the corporation", defendants were liable to plaintiff as a matter of law because the payments that defendants made to themselves from the corporation at a time when the corporation was in default on its mortgage loan violated "their fiduciary responsibility to manage ARP's assets and to 'stand in a fiduciary relation to both stockholders and creditors' (Kreitner v Burgweger, 174 App Div 48, 52)."

"[T]he preferential satisfaction of debts owed by insolvent corporations to their directors, over debts due to other general creditors, is barred by the common law" (Southern Indus. v Jeremias, 66 AD2d 178, 184). Plaintiff has failed to set forth facts establishing defendants' liability under the common law because he has failed to show that the corporation was insolvent at the time of the transfer. Nor has plaintiff established as a matter of law that defendants violated the provisions of the Debtor and Creditor Law involving transfers in fraud of creditors. Section 276 of the Debtor and Creditor Law provides that every conveyance made with the actual intent to hinder, delay or defraud creditors is fraudulent and void. Section 273 of the Debtor and Creditor Law provides that, without regard

to the actual intent to defraud, every conveyance made by a person who is or will thereby be rendered insolvent is fraudulent with respect to creditors if made without fair consideration. Because plaintiff has failed to show that the corporation was insolvent at the time of the transfer and because he has failed to show as a matter of law that the transfer was made with the actual intent to defraud plaintiff, plaintiff was not entitled to summary judgment. (Appeal from Judgment of Supreme Court, Wayne County, Marks, J.—Summary Judgment.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.