■ HARRIS GLASSER, Appellant, v RICHARD KASHINSKY, Respondent. [655 NYS2d 400] —In an action, *inter alia*, to recover damages for a fraudulent conveyance, the plaintiff appeals from an order of the Supreme Court, Queens County (Goldstein, J.), dated March 26, 1996, which denied his motion for summary judgment.

Ordered that the order is affirmed, with costs.

To prove that a conveyance is fraudulent as a matter of law under Debtor and Creditor Law § 273, the party challenging the conveyance has the burden of proving both insolvency and the lack of fair consideration (*see, Matter of American Inv. Bank v Marine Midland Bank*, 191 AD2d 690). The determination of insolvency and what constitutes fair consideration are generally questions of fact (*see, Matter of American Inv. Bank v Marine Midland Bank, supra*). Here, the plaintiff has not proven as a matter of law that the defendant's company was insolvent at the time the conveyances were made or that the company was left with an unreasonably small amount of capital after the conveyances were made.

Moreover, triable issues of fact exist as to whether fair consideration was given for the conveyances (*see,* Debtor and Creditor Law § 272; *Cilco Cement Corp. v White*, 55 AD2d 668). Accordingly, the plaintiff's motion for summary judgment was properly denied (*see, Matter of American Inv. Bank v Marine Midland Bank, supra; Colacino v Poyzer*, 178 AD2d 964).

The plaintiff's remaining contentions are without merit (*see, Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481). Rosenblatt, J. P., Pizzuto, Altman and Luciano, JJ., concur.