■ NORTH FORK BANK, Plaintiff, v SUSAN L. SCHMIDT et al., Appellants, CONSTANTIN DUMBA, Respondent, et al., Defendants. [697 NYS2d 106] —In an action to foreclose a mortgage, the defendants Susan L. Schmidt, Samantha J. Schmidt, Mark Savet, and Aaron Richard Golub, appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered March 27, 1998, which denied their motion, *inter alia,* pursuant to RPAPL 1361 to recover surplus moneys and granted the cross motion of the defendant Constantin Dumba for distribution of the surplus moneys to him.

Ordered that the order is modified by deleting the provision thereof granting the cross motion of the defendant Constantin Dumba and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The defendants Mark Savet and Constantin Dumba are judgment creditors of the defendant Peter G. Schmidt, a former attorney who, among other things, converted millions of dollars of his clients' funds. The defendant Aaron Richard Golub is an assignee of a portion of Savet's judgment. Savet and Golub claim entitlement to surplus moneys which remain after the foreclosure sale of certain real property located in Suffolk County (hereinafter the Mercer property), title to which had been held in the names of the defendants Susan L. Schmidt and Samantha J. Schmidt (hereinafter the Schmidt sisters), daughters of Peter G. Schmidt, who also claim to be entitled to the surplus moneys. The Mercer property had been conveyed to the Schmidt sisters during the pendency of an action that

Savet had commenced against Peter G. Schmidt to recover converted funds. After obtaining a judgment against Schmidt in that action, Savet, and Golub, as assignee, commenced another action against Schmidt, his daughters, and others, seeking to set aside the Mercer property conveyance and other conveyances as fraudulent. That action is still pending, in part.

Dumba, who did not have an action pending against Schmidt when the Mercer property was transferred to the Schmidt sisters, subsequently obtained a judgment by confession against Schmidt. Dumba's judgment was filed in Suffolk County before Savet's judgment was filed. Dumba also commenced an action seeking to set aside the conveyance of the Mercer property and other conveyances as fraudulent. In Dumba's action, the Supreme Court granted the motion of the Schmidt sisters for partial summary judgment, concluding that the conveyance of the Mercer property was not a fraudulent transfer as to Dumba under Debtor and Creditor Law §§ 273, 273-a, and 275. The judgment of the Supreme Court, Suffolk County, dated February 9, 1989, did not dismiss Dumba's cause of action pursuant to Debtor and Creditor Law § 276, which requires proof of intent to defraud.

The instant action to foreclose a mortgage on the Mercer property was commenced in 1988, and a judgment of foreclosure and sale was entered. After the sale, a surplus remained. Savet and Golub, the Schmidt sisters, and Dumba all filed notices of claim pursuant to RPAPL 1361 (1) seeking to recover the surplus moneys. While initially claiming entitlement as owners of the equity of redemption, the Schmidt sisters now base their claim on an agreement with Savet and Golub to share the surplus funds equally. The Supreme Court awarded the surplus moneys to Dumba, finding that the transfer of the Mercer property to the Schmidt sisters was fraudulent pursuant to Debtor and Creditor Law § 273-a, because it was made without fair consideration at a time when Schmidt was a defendant in the Savet action, and the judgment in that action was not satisfied. Since the Schmidt sisters' title was void, the court concluded that Schmidt's judgment creditors could reach the surplus proceeds. Dumba, the court found, was entitled to priority because his judgment was filed first (*see,* CPLR 5203).

While the court properly concluded that the conveyance of the Mercer property was fraudulent as to Savet pursuant to Debtor and Creditor Law § 273-a, it erred in awarding the surplus moneys to Dumba. Debtor and Creditor Law § 273-a provides, in relevant part: "Every conveyance made without fair consideration when the person making it is a defendant in

an action for money damages * * * is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment". Thus, pursuant to Debtor and Creditor Law § 273-a, the conveyance was void as to Savet, the plaintiff in an action against Schmidt to recover damages at the time the Mercer property was transferred (*see, Matter of BSL Dev. Corp. v Aquaboque Cove Partners,* 212 AD2d 694). Therefore, Savet and his assignee may seek to satisfy the judgment from the proceeds of the sale of that property (*see, Ercolani v Sam & Al Realty Co.,* 17 NY2d 299). Dumba, however, did not have an action pending against Schmidt when the Mercer property was fraudulently conveyed, and consequently, the conveyance was not void as to him (*see,* Debtor and Creditor Law § 273-a). Moreover, in Dumba's fraudulent conveyance action against Schmidt, the Supreme Court previously determined that he had no cause of action pursuant to Debtor and Creditor Law § 273-a. He is therefore collaterally estopped from relitigating that issue.

Dumba may, however, still have a viable claim pursuant to Debtor and Creditor Law § 276. While Savet and Golub contend that the balance of Dumba's action was ultimately dismissed for failure to prosecute, the proof with respect to the status of that action is inconclusive. Whether that action was dismissed in its entirety and, if so, whether Dumba may nevertheless pursue his claim in this action cannot be determined on this record. If Dumba still has any viable claim, he would be required to prove that the transfer was made with intent to defraud (*see,* Debtor and Creditor Law § 276).

Since Dumba has not yet established that the Mercer conveyance was fraudulent as to him, the court erred in reaching the issue of the priority of the judgments and awarding him the surplus moneys. Altman, J. P., Friedmann, McGinity and Schmidt, JJ., concur.