■ YORK/HUNTER, INC., Respondent, v BENJAMIN ORATZ et al., Appellants. [721 NYS2d 804] —In an action to set aside the transfer of certain real property as fraudulent, the defendant Benjamin Oratz appeals and the defendant Westmoreland Associates separately appeals from an order of the Supreme Court, Queens County (Golar, J.), dated December 14, 1999, which denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendants' motions for summary judgment as there are triable issues of fact (*see,* CPLR 3212 [b]; *Liberty Co. v Boyle,* 272 AD2d 380; *Glasser v Kashinsky,* 237 AD2d 252; *Grumman Aerospace Corp. v Rice,* 199 AD2d 365). Bracken, P. J., Goldstein, H. Miller and Feuerstein, JJ., concur.

■ STEVEN A. YOUNG et al., Appellants, v THOMAS F. TIERNEY et al., Defendants, and BARD COLLEGE, Respondent. [727 NYS2d 314] —In an action, *inter alia,* to recover damages for wrongful death and personal injuries, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Beisner, J.), dated March 28, 2000, which granted the motion of the defendant Bard College for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

In opposition to the respondent's motion, in which it made a prima facie showing of its entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact that the allegedly dangerous condition created by the respondent's placement of a sign at an intersection was a proximate cause of the accident (*see, Leary v North Shore Univ. Hosp.,* 218 AD2d 686). Thus, the respondent was properly granted summary judgment dismissing the complaint insofar as asserted against it. Krausman, J. P., Goldstein, Luciano and Feuerstein, JJ., concur.