■ PRUDENTIAL FARMS OF NASSAU COUNTY, Appellant, v MITCHELL R. MORRIS et al., Respondents. [729 NYS2d 156] —In an action pursuant to Debtor and Creditor Law article 10 to set aside a certain conveyance of real property as fraudulent and to recover an attorney's fee, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (DiNoto, J.), entered December 14, 1999, which, after a nonjury trial, is in favor of the defendants dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment in favor of the plaintiff, and for a hearing to determine the amount of a reasonable attorney's fee.

The plaintiff loaned $5,000 to the defendant Mitchell Morris (hereinafter Morris). When Morris failed to repay the loan, the plaintiff commenced an action against him to recover the money. Three days after being served with a summons and complaint, Morris executed a deed transferring his interest in the marital residence to his wife, the defendant Mary Lou Morris. The plaintiff subsequently commenced this action to set aside the conveyance as fraudulent.

At trial, the plaintiff produced a copy of the deed in question which recited that the conveyance was made in consideration of $10, and a New York Taxation and Finance Form TP-584 attesting that the conveyance was without consideration. Against this evidence, the defendants testified that the transfer satisfied an antecedent debt owed to the wife by the husband for the purchase of a business. The only evidence offered to show the existence of the debt was the wife's savings bank passbook showing several sizeable withdrawals and a check to an unidentified third-party payee. No other evidence was offered to support the claim.

Contrary to the defendants' contentions, the plaintiff successfully demonstrated that the conveyance lacked consideration (*see, Rampello v Cioffi,* 282 AD2d 442). While an antecedent debt may provide fair consideration for a conveyance of property (*see,* Debtor and Creditor Law § 272 [a]), the evidence here was not sufficient to establish the existence of the antecedent debt (*see, Century 21 Constr. Corp. v Rabolt,* 143 AD2d 873).

Moreover, the defendants' stipulation that at the time of the

transfer an action for a money judgment was pending against the debtor husband, and he was rendered insolvent by the transfer was sufficient to prove that the conveyance was fraudulent under Debtor and Creditor Law §§ 273 and 273-a (*see, Glasser v Kashinsky,* 237 AD2d 252; *North Fork Bank v Schmidt,* 265 AD2d 466).

In addition, the circumstances surrounding this transfer, i.e., the transfer between spouses, the timing of the transfer, and the lack of consideration, demonstrate that the transfer was effected with an intent to hinder, delay, and defraud the plaintiff creditor (*see,* Debtor and Creditor Law § 276). Accordingly, the plaintiff is entitled to a reasonable attorney's fee (*see,* Debtor and Creditor Law § 276-a). Ritter, J. P., McGinity, Luciano and Adams, JJ., concur.