■ In the Matter of ISLAND SEAFOOD COMPANY, INC., Appellant, v GOLUB CORPORATION et al., Respondents. [759 NYS2d 768] —Kane, J. Appeal from an order of the Supreme Court (Dawson, J.), entered January 7, 2002 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR 5227, to compel the payment of a debt.

Petitioner obtained a judgment against respondent Anchor Fish Distributors, Ltd. (hereinafter Anchor Distributors) in the amount of $60,932.09, which remains unsatisfied. Respondent Golub Corporation purchased seafood products from respondent Anchor Frozen Food Corporation (hereinafter Anchor

---

Corporation) in packaging that bears the same "Prince of the Sea" logo found on Anchor Distributors' packaging and the same address as Anchor Distributors. Golub is indebted to Anchor Corporation in the amount of $60,000. Roy Tuccillo is the owner of Anchor Distributors and Anchor Corporation, both New York corporations headquartered at 28-32 Urban Avenue, in the Village of Westbury, Nassau County.

Petitioner claims that Anchor Corporation is the alter ego of Anchor Distributors, incorporated by Tuccillo for the purpose of frustrating creditors of the latter corporation seeking payment. To that end, petitioner served Golub with an order to show cause forbidding Golub from paying Anchor Corporation any moneys due and Golub complied with that forbearance. To enforce the judgment, petitioner commenced this special proceeding, pursuant to CPLR 5227, seeking to compel Golub to pay petitioner the debt it owed Anchor Corporation. Ordinarily, unless Golub owed Anchor Distributors, the debt would not be subject to garnishment (see CPLR 5227). Respondents successfully opposed the petition and Supreme Court lifted the restraint imposed by its earlier order and dismissed the petition. Petitioner appeals, alleging that Supreme Court erred in dismissing this proceeding and determining that petitioner failed to demonstrate that Tuccillo is using his dominance over Anchor Distributors to perpetrate a fraud upon petitioner.

We affirm. "Generally, * * * piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the [petitioner] which resulted in [that petitioner's] injury" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141-142 [1993]). Under New York law, the corporate veil will be pierced to achieve equity, even absent fraud, "[w]hen a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego" (Austin Powder Co. v McCullough, 216 AD2d 825, 827 [1995]; see Wm. Passalacqua Bldrs., Inc. v Resnick Devs. S., Inc., 933 F2d 131, 138-139 [1991]). Where a corporation is a fragment of a larger corporate combine which actually conducts the business, the larger corporate entity may be held financially responsible for the acts of that corporation (see Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 163 [1980]). Generally considered are such factors as whether there is an

overlap in ownership, officers, directors and personnel, inadequate capitalization, a commingling of assets, or an absence of separate paraphernalia that are part of the corporate form (*see Wm. Passalacqua Bldrs., Inc. v Resnick Devs. S., Inc., supra* at 139), such that one of the corporations is a mere instrumentality, agent and alter ego of the other (*see e.g. Astrocom Elecs. v Lafayette Radio Elecs. Corp.*, 63 AD2d 765, 766 [1978]; *see also Matter of Sbarro Holding [Shiaw Tien Yuan]*, 91 AD2d 613, 614 [1982]).

Here, petitioner relies primarily on a judgment of a prior and unrelated federal proceeding,* wherein the government successfully sought to pierce the corporate veil of Anchor Seafood Distributors, Inc., one of the many corporations owned by Tuccillo, in an attempt to collect and enforce a default judgment obtained against it. The default judgment was based upon a Magistrate's report, finding that Anchor Seafood was a corporation dominated by Tuccillo and his domination was used to make the corporation insolvent. Also named as a defendant in that action was Anchor Distributors, the entity against which petitioner has its judgment. Succinctly stated, petitioner argues that because Tuccillo's dealings with Anchor Distributors led to the piercing of the corporate veil of that corporation to reach Tuccillo's assets, the same result should be permitted here.

As part of its proof, petitioner alleges only one seafood operation exists at the Westbury address and Anchor Distributors is the only entity licensed to process seafood at the Urban Avenue plant, despite the plethora of entities incorporated to conduct business there, including Anchor Corporation and Anchor Distributors. Petitioner also offers excerpts of Tuccillo's previous depositions in the federal proceeding in which he testified that the Westbury building contains a single seafood processing plant and the trucks used by the seafood operation bear the name of Anchor Distributors. Petitioner further claims that when questioned about his business operations, Tuccillo cannot remember which corporations exist, which have employees or how many, whether they own equipment, from whom he leases the Urban Avenue plant, to whom rent is paid, or where he banks, although he concedes that the corporations freely pay each other's bills. Tuccillo's deposition testimony in the action underlying this proceeding, portions of which have been submitted by petitioner, are similarly nebulous, if not evasive, with respect to certain details of the corporations' operations.

---

* *See United States of Am. v Anchor Seafood Distribs.*, US Dist Ct, ED NY, Sept. 30, 1999, Hurley, J.

However, while we agree with Supreme Court that such evidence may constitute proof that Tuccillo is "very cagey," we also are in accord with its conclusion that such evidence does not support a finding that either corporation is dominated by the other. While Tuccillo may be the sole stockholder, director and officer of both corporations and seems to exhibit disregard of corporate formalities, this, in and of itself, constitutes insufficient proof of complete domination and control which permit a corporate veil to be pierced (*see e.g. Austin Powder Co. v McCullough*, 216 AD2d 825, 827-828 [1995], *supra*). Significantly, the record is devoid of evidence of Tuccillo's personal use of corporate funds or that Anchor Distributors was undercapitalized (*compare id.*). Furthermore, Tuccillo alleges that both corporations maintain separate bank accounts (although he testified that he cannot remember at which bank), addresses, and books and records. Devoid from the record is any evidence of the degree of " 'intercorporate shuffling of assets and debts for the purpose of rendering uncollectible any money judgment against [Anchor Distributors]' " (*Rebh v Rotterdam Ventures*, 252 AD2d 609, 611 [1998], *lv denied* 96 NY2d 705 [2001], quoting *Matter of Superior Leather Co. v Lipman Split Co.*, 116 AD2d 796, 797 [1986]).

In any event, assuming that Tuccillo completely dominated Anchor Corporation, domination, standing alone, is not enough (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 142 [1993], *supra*). Here, petitioner has yet to issue an execution or otherwise levy upon the assets of Anchor Distributors in an attempt to collect on its judgment. Rather, petitioner argues that if Golub pays Anchor Corporation prior to the hearing of this application, its efforts to collect the judgment will be futile. Petitioner's contention that Tuccillo formed Anchor Corporation in order to avoid responsibility for paying the debts of Anchor Distributors is based largely on the unsupported affirmation of petitioner's counsel. Although petitioner is correct in its assertion that it is not necessary that it must first obtain an unsatisfied judgment in order to pierce the corporate veil (*see Chase Manhattan Bank v 264 Water St. Assoc.*, 174 AD2d 504, 504 [1991]), it has failed to demonstrate that Anchor Distributors is using Anchor Corporation for the transaction of its business (*see Astrocom Elecs. v Lafayette Radio Elecs. Corp.*, 63 AD2d 765, 765 [1978], *supra*). Thus, Supreme Court properly determined that petitioner failed to meet its burden of demonstrating that Tuccillo, through his domination, abused his power over both corporations to commit a wrong or injustice to the detriment of petitioner (*see Hyland Meat Co. v Tsagarakis*, 202 AD2d 552, 552-553 [1994]).

Finally, giving petitioner every favorable inference, we agree with Supreme Court that petitioner failed to raise any triable issues of fact requiring a trial (*see* CPLR 409 [b]; *Izzo v Lynn*, 271 AD2d 801, 802 [2000]). Based on the record before us, we find no evidence submitted by petitioner to warrant a trial with respect to the issue of whether Tuccillo's dominance over Anchor Distributors is being used to perpetrate a fraud upon petitioner.

We have examined petitioner's remaining arguments and find them to be without merit.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, with costs.