■ FANTAZIA INTERNATIONAL CORP., Respondent-Appellant, v CPL FURS NEW YORK, INC., Respondent, and CENTROPEL PELZHANDEL GMBH, Appellant-Respondent. (And Another Action.) [889 NYS2d 28]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered June 23, 2008, which granted defendants' post-trial motion to set aside the jury verdict as against the weight of the evidence only to the extent of setting aside the finding that defendant CPL Furs was the alter ego of defendant Centropel and directed a new trial on this issue, unanimously modified, on the law, judgment granted to Centropel to the effect that it did not dominate and control CPL for the purpose of piercing the corporate veil, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against Centropel.

In order to pierce the corporate veil, a plaintiff must show that the dominant corporation exercised complete domination and control with respect to the transaction attacked, and that such domination was used to commit a fraud or wrong causing injury to the plaintiff (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). Factors to be considered include the disregard of corporate formalities; inadequate capitalization; intermingling of funds; overlap in ownership, officers, directors and personnel; common office space or telephone numbers; the degree of discretion demonstrated by the allegedly dominated corporation; whether dealings between the entities are at arm's length; whether the corporations are treated as independent profit centers; and the payment or guaranty of the corporation's debts by the dominating entity. No one factor is dispositive (*see Freeman v Complex Computing Co., Inc.*, 119 F3d 1044, 1053 [2d Cir 1997]).

Initially, the court correctly determined that there was insufficient evidence of Centropel's domination and control of CPL. The corporations kept separate bank accounts, books and records, were incorporated at different times for legitimate business purposes, filed separate tax returns, there was substantial compliance with corporate formalities, transactions between the two companies were conducted at arm's length, and there was no evidence that CPL was undercapitalized. That the president of CPL was also a subboard member and consultant to Centropel is insufficient for finding such domination (*see Matter of Island Seafood Co. v Golub Corp.*, 303 AD2d 892, 895 [2003]). The evidence plaintiff points to in support of domination is unpersuasive. Thus, the trial court should have directed entry of judgment in Centropel's favor on this issue, as plaintiff has failed to offer any evidence that Centropel's alleged domination and control over CPL was used to commit a wrong that was the

proximate cause of plaintiff's loss (*see Musman v Modern Deb*, 50 AD2d 761, 762 [1975]; *Lowendahl v Baltimore & Ohio R.R. Co.*, 247 App Div 144, 157 [1936], *affd* 272 NY 360 [1936]). Evidence at trial established that plaintiff's alleged loss was solely due to the failure of CPL to pay plaintiff certain commissions. Plaintiff failed to demonstrate that Centropel's alleged domination and control of CPL caused this loss. While it is true that one corporation's exercise of domination and control which left the subservient corporation nothing more than a judgment-proof empty shell would constitute a wrong against a creditor, plaintiff has offered no evidence whatsoever that CPL is either judgment-proof, or that it was put in that position by Centropel's domination (*cf. Teachers Ins. Annuity Assn. of Am. v Cohen's Fashion Opt. of 485 Lexington Ave., Inc.*, 45 AD3d 317, 318 [2007]). Concur—Mazzarelli, J.P., Sweeny, Catterson, Acosta and Abdus-Salaam, JJ.