■ VIVIR OF L I, INC., Formerly Known as OPUS VIVIR, INC., Plaintiff/Counterclaim Defendant, v JOHN EHRENKRANZ et al., Defendants/Counterclaim Plaintiffs-Appellants. JULIAN BOYLAN, Additional Counterclaim Defendant-Respondent. [43 NYS3d 435]—

In an action, inter alia, to recover damages for breach of contract, the defendants/counterclaim plaintiffs appeal, by permission, from an order of the Supreme Court, Suffolk County (Pines, J.), dated July 1, 2014, which, after a nonjury trial on their counterclaims to pierce the corporate veil of the plaintiff/counterclaim defendant and to hold the additional counterclaim defendant personally liable for breach of contract and for alleged violations of the Business Corporation Law, in effect, directed the dismissal of those counterclaims.

Ordered that the order is affirmed, with costs.

The defendants/counterclaim plaintiffs, John Ehrenkranz and Andra Ehrenkranz (hereinafter the defendants), entered into a construction contract with the plaintiff/counterclaim defendant, Vivir of L I, Inc., formerly known as Opus Vivir, Inc. (hereinafter Opus), for the completion of a single-family home. Opus commenced this action against the defendants seeking, inter alia, to recover payment that was allegedly due under the construction contract. The defendants counterclaimed against Opus, alleging breach of the construction contract, and

counterclaimed against Opus's principal, Julian Boylan (in effect, a third-party claim), to pierce the corporate veil and hold Boylan personally liable for Opus's breach of contract. The defendants also alleged that Boylan should be held personally liable pursuant to Business Corporation Law §§ 1004, 1005 and 1007.

After a jury trial on the breach of contract claims between Opus and the defendants, the jury rendered a verdict in favor of the defendants and against Opus in the principal sum of $2,211,000. On a prior appeal, the verdict against Opus was upheld (*see Vivir of LI, Inc. v Ehrenkranz*, 127 AD3d 962 [2015]). Following the jury trial, the Supreme Court conducted a nonjury trial on the issue of Boylan's personal liability. The court found that the defendants failed to meet their burden of establishing their entitlement to pierce Opus's corporate veil, or to hold Boylan personally liable for allegedly violating the Business Corporation Law. The defendants appeal.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (*Marini v Lombardo*, 79 AD3d 932, 933 [2010]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

"The general rule . . . is that a corporation exists independently of its owners, who are not personally liable for its obligations, and that individuals may incorporate for the express purpose of limiting their liability" (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 126 [2009], *affd* 16 NY3d 775 [2011], citing *Bartle v Home Owners Coop.*, 309 NY 103, 106 [1955]). "The concept of piercing the corporate veil is an exception to this general rule, permitting, in certain circumstances, the imposition of personal liability on owners for the obligations of their corporation" (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d at 126). "A plaintiff seeking to pierce the corporate veil must demonstrate that a court in equity should intervene because the owners of the corporation exercised complete domination over it in the transaction at issue and, in doing so, abused the privilege of doing business in the corporate form, thereby perpetrating a wrong that resulted in injury to the plaintiff" (*id.*; *see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140-142 [1993]). "While complete domination of the corporation is the key to piercing the corporate veil, especially when the owners use the corporation as a mere device to

further their personal rather than the corporate business, such domination, standing alone, is not enough; some showing of a wrongful or unjust act toward plaintiff is required" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d at 141-142 [citation omitted]). "Factors to be considered in determining whether the owner has 'abused the privilege of doing business in the corporate form' include whether there was a 'failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use' " (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d at 127, quoting *Millennium Constr., LLC v Loupolover*, 44 AD3d 1016, 1016-1017 [2007]).

Here, upon our independent review of the evidence presented at trial, we find that the Supreme Court properly held that the defendants failed to establish their entitlement to pierce the corporate veil and hold Boylan personally liable for Opus's breach of contract. Although, as the court found, Boylan exercised domination over Opus, "domination, standing alone, is not enough" (*Matter of Island Seafood Co. v Golub Corp.*, 303 AD2d 892, 895 [2003]). The defendants failed to establish that Boylan abused the privilege of doing business in the corporate form so as to perpetrate a wrong or fraud (*see Fantazia Intl. Corp. v CPL Furs N.Y., Inc.*, 67 AD3d 511, 512-513 [2009]; *Matter of Island Seafood Co. v Golub Corp.*, 303 AD2d at 894; cf. *Flushing Plaza Assoc. #2 v Albert*, 102 AD3d 737, 738 [2013]; *Hyland Meat Co. v Tsagarakis*, 202 AD2d 552, 553 [1994]).

Moreover, the Supreme Court properly found that Boylan was not personally liable to the defendants for alleged violations of the Business Corporation Law (*see* Business Corporation Law §§ 1004, 1005, 1007). Chambers, J.P., Dickerson, Duffy and Connolly, JJ., concur.