Lanaras v Premium Ocean, LLC (2023 NY Slip Op 50801(U))

[*1]

Lanaras v Premium Ocean, LLC

2023 NY Slip Op 50801(U)

Decided on July 31, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 31, 2023
Supreme Court, New York County

Maria Lanaras, Plaintiff,

against
Premium Ocean, LLC, Out of the Blue Wholesale, LLC, Out of the Blue Seafood, LLC, Juliana Paparizou, Mare Vostrum, LLC, Efraim Bason, Ronit Bason, Alexander Sarrigeorgiou, Defendant.

Index No. 655585/2020

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125 were read on this motion for DISCOVERY.
Plaintiff Maria Lanaras, through the entity Chrisma S.A., allegedly lent $3.4 million to defendants Premium Ocean, Out of the Blue Wholesale, LLC, and Out of the Blue Seafood, LLC. Lanaras commenced this action against defendants Juliana Paparizou, Ronit Bason and Mare Vostrum, LLC asserting claims for fraudulent conveyance and recovery of the amounts purportedly due and owing on the $3.4 million loan.
In motion sequence 004, Lanaras moves to compel the production of discovery which, according to plaintiff, would assist in establishing alter ego liability against defendants. Based on discovery previously exchanged, plaintiff maintains that much of the documentary evidence points to fraudulent conveyances wherein Premium Ocean principals, officers, and their relatives received $1.49 million in transfers following the issuance of her $3.4 million loan. Plaintiff therefore moves to compel production of the remaining corporate records requested from the OOTB Entities and Mare Vostrum, in particular: (i) a native version of the complete general ledgers (QuickBooks files) for all three LLCs; (ii) tax returns filed by the LLCs for the relevant years; (iii) bank account statements of the LLCs for all the relevant years; (iv) all corporate and financial records of Mare Vostrum LLC; and (v) all books and records relating to or reflecting plaintiff's loan.
Plaintiff argues that proving an absence of corporate formalities requires broad access to financial and corporate records. Plaintiff maintains that the documents requested are essential to establishing the elements for veil piercing: "(1) the absence of formalities and paraphernalia that are part and parcel of the corporate existence, i.e., the issuance of stock, election of directors, [*2]keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arm's length, [and] (8) whether the corporations are treated as independent profit centers" (Passalacqua Builders v Resnick Developers South, Inc., 933 F2d 131 [2d Cir 1991]). Plaintiff further argues that balance sheets are insufficient accounting, and indecipherable without reference to the general ledgers.
Defendants Premium Ocean, LLC Out of the Blue Wholesale, LLC, Out of The Blue Seafood, LLC, Mare Vostrum, LLC and Juliana Paparizou (opposing defendants) maintain that the discovery provided to date is sufficient. Opposing defendants argue that a complete accounting was provided, as they purportedly exchanged 'turnover of balance sheets' and profit and loss statements for each of the years at issue. Plaintiff refutes this argument by asserting that the profit and loss statements provide only an overview of an entity's financial condition for a year, rather than specific occasions of inadequate capitalization at certain times — a calculation necessary for the alter ego analysis.
Requests for production of "all documents" related to a corporation are usually overbroad. However, they may be appropriate when the analysis for alter ego liability requires a demonstration of inadequate capitalization and adherence to corporate formalities. Although demands for tax returns are afforded a higher burden for discoverability, in this instance, the court finds that such records are patently relevant and essential to a veil piercing analysis (Fantazia Intl Corp. v. CPL Furs New York, Inc., 67 AD3d 511 [1st Dept 2009]; Neuman Rosenblatt & Marscovetra, 290 AD 231 [1st Dept 2002]). Moreover, the absence of certain records is indicative of abuse of the corporate form (Shantou Real Lingerie Mftg Co., Ltd. v Native Group Intl Ltd., 401 FSupp3d 433, 440 [SDNY 2018]).
Records related to Mare Vostrum are also discoverable. Plaintiff alleges that Juliana Paparizou reported losses and profits from the LLC directly on her personal tax returns. This act, if true, evidences a lack of independence with the LLC. To demonstrate that Paparizou utilized the LLC as an instrumentality, access to these records is required. Although opposing defendants argue that they provided records showing payments made to Mare Vostrum or received from Mare Vostrum, plaintiff's veil piercing claims necessitate more discovery than what has thus far been provided.
Accordingly, it is hereby
ORDERED that plaintiff's to compel discovery (motion sequence no. 004) is granted; and it is further
ORDERED that defendants Premium Ocean, LLC, Out of the Blue Wholesale, LLC, Out of The Blue Seafood, LLC, Mare Vostrum, LLC and Juliana Paparizo shall produce the documents identified in plaintiff's January 7, 2021 request for production on or before August 31, 2023.
DATE 07/31/2023
ROBERT R. REED, J.S.C.