Parabit Realty, LLC v Levine

2026 NY Slip Op 02663

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Parabit Realty, LLC, et al., respondents,

v

Charles Levine, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2023-04738, 2023-04741, 2023-04742, (Index No. 603570/19)

Betsy Barros, J.P.

William G. Ford

Lourdes M. Ventura

Donna-Marie E. Golia, JJ.

Brian J. Davis, P.C. (Mark E. Goidell, Garden City, NY, of counsel), for appellants.

Palmieri Law, P.C. (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, to enforce a judgment of the Supreme Court, Nassau County, entered April 22, 2016, in an action entitled Parabit Realty, LLC v Town of Hempstead, commenced under Index No. 7250/09, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered August 22, 2022, (2) an order of the same court entered March 29, 2023, and (3) a judgment of the same court entered March 29, 2023. The order entered August 22, 2022, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the amended complaint. The order entered March 29, 2023, after a nonjury trial, directed that all transfers made between the defendants be set aside to the extent necessary to satisfy the judgment entered April 22, 2016. The judgment entered March 29, 2023, after the nonjury trial, is in favor of the plaintiffs and against the defendants, jointly and severally, on the first and second causes of action in the total sum of $1,393,214.26, and, in effect, in favor of the plaintiffs and against the defendants on the third through sixth causes of action setting aside all transfers made between the defendants to the extent necessary to satisfy the judgment entered April 22, 2016.

ORDERED that the appeals from the orders are dismissed; and it is further,

ORDERED that the judgment entered March 29, 2023, is modified, on the facts, (1) by deleting the provision thereof in favor of the plaintiffs and against the defendants, jointly and severally, on the first and second causes of action in the total sum of $1,393,214.26, and substituting therefor a provision in favor of the defendants and against the plaintiffs dismissing the first and second causes of action, and (2) by deleting the provision thereof, in effect, setting aside all transfers made between the defendants to the extent necessary to satisfy the judgment entered April 22, 2016, and substituting therefor a provision setting aside the transfer between the defendants of a white 2000 Mack truck, VIN# 1M2P267C5YM054289, transferred from the defendant B & A Demolition and Removal, Inc., on or about December 31, 2013, and a green 2001 Peterbilt truck, VIN# 1NPAXU0XX1N553479, acquired by the defendant B & A Demolition and Removal, Inc., on or about October 9, 2007, and transferred from the defendant B & A Demolition and Removal, Inc., on or about December 31, 2013; as so modified, the judgment entered March 29, 2023, is affirmed, and the order entered March 29, 2023, is modified accordingly; and it is further,

ORDERED that one bill of costs is awarded to the defendants.

The appeals from the orders entered August 22, 2022, and March 29, 2023, must be dismissed in light of the entry of the judgment on March 29, 2023, in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order entered August 22, 2022, are not brought up for review on the appeal from the judgment entered March 29, 2023, since that order did not necessarily affect that judgment (see CPLR 5501[a][1]; Bonzcar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025). The issues raised on the appeal from the order entered March 29, 2023, are brought up for review and have been considered on the appeal from that judgment (see CPLR 5501[a][1]).

In April 2009, the plaintiffs commenced an action against the defendant B & A Demolition and Removal, Inc. (hereinafter B & A Demo), for an injunction and to recover damages based upon allegations that the plaintiffs' property was damaged as a result of work performed by B & A Demo at an adjacent property (hereinafter the underlying action). In April 2014, the plaintiffs obtained a default judgment against B & A Demo, and on April 22, 2016, a judgment was entered in favor of the plaintiffs and against B & A Demo in the principal sum of $820,375.

In 2013, B & A Demo was dissolved. In March 2019, the plaintiffs commenced the instant action against the defendants, B & A Demo, Charles Levine, B & A Demo's sole owner and shareholder, King Metal Corp. (hereinafter King Metal), which Levine formed in 2011 and is the sole shareholder of, and B & A Commercial, Inc. (hereinafter B & A Commercial), a corporation formed by Levine's wife in 2015 and operated by Levine. The plaintiffs subsequently amended the complaint in April 2019. The first and second causes of action sought to enforce the judgment in the underlying action against the defendants under piercing the corporate veil and alter ego theories, respectively. The amended complaint also sought to set aside the transfer of assets between the defendants pursuant to Debtor and Creditor Law former §§ 273, 273-a, 274, 275, and 276, and for attorneys' fees pursuant to Debtor and Creditor Law former § 276-a.

After a nonjury trial, the Supreme Court determined that the corporate veil should be pierced. In an order entered March 29, 2023, the court directed "that all transfers made between the Defendants be set aside to the extent necessary to satisfy the Plaintiffs' Judgment in this matter, including the transfers between the Defendants of a white 2000 Mack truck . . . and a green 2001 [Peterbilt] truck." The court entered a judgment on March 29, 2023, in favor of the plaintiffs and against the defendants, jointly and severally, on the first and second causes of action in the total sum of $1,383,214.26, which sum included attorneys' fees and costs and, in effect, in favor of the plaintiffs and against the defendants on the third through sixth causes of action setting aside all transfers made between the defendants to the extent necessary to satisfy the judgment entered April 22, 2016. The defendants appeal.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d 941, 945-946 [internal quotation marks omitted]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Vivir of L I, Inc. v Ehrenkranz, 145 AD3d 834, 835).

"'The general rule . . . is that a corporation exists independently of its owners, who are not personally liable for its obligations, and that individuals may incorporate for the express purpose of limiting their liability'" (Bonanni v Horizons Invs. Corp., 179 AD3d 995, 1001 [internal quotation marks omitted], quoting Sky-Track Tech. Co. Ltd. v HSS Dev., Inc., 167 AD3d 964, 964; see Sterling Park Devs., LLC v China Perfect Constr. Corp., 185 AD3d 1082, 1083). "The concept of piercing the corporate veil is an exception to this general rule, permitting, in certain circumstances, the imposition of personal liability on owners for the obligations of their corporation" (Sterling Park Devs., LLC v China Perfect Constr. Corp., 185 AD3d at 1084 [internal quotation marks omitted]; see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140-141). "Broadly speaking, the courts will disregard the corporate form, or, to use accepted [*2]terminology, pierce the corporate veil, whenever necessary to prevent fraud or to achieve equity" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [internal quotation marks omitted]; see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 140). "While the 'decision whether to pierce the corporate veil in a given instance will necessarily depend on the attendant facts and equities . . . [g]enerally . . . piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation [or LLC] in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the [party seeking to pierce the corporate veil] which resulted in [the party's] injury'" (Matter of DePetris v Traina, 211 AD3d 939, 941, quoting Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 141). "'Additionally, the corporate veil will be pierced to achieve equity, even absent fraud, when a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego'" (Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d at 946, quoting Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d 765, 767).

Here, upon our independent review of the evidence presented at trial, we find that the plaintiffs failed to establish that Levine exercised complete domination over B & A Demo, King Metal, and B & A Commercial. Although Levine was the sole shareholder and/or operator of all three corporations, which also shared a common workspace owned by Levine and employees, the evidence at trial established that he ran real businesses with employees and customers, and the plaintiff presented no evidence demonstrating that Levine used corporate funds for personal use (see Matter of DePetris v Traina, 211 AD3d at 942). Additionally, the corporations kept separate bank accounts and books and records, were incorporated at different times for legitimate business purposes, and filed separate tax returns (see Fantazia Intl. Corp. v CPL Furs N.Y., Inc., 67 AD3d 511, 512-513). Moreover, the plaintiffs failed to show that Levine's actions, including dissolving B & A Demo and forming King Metal, were for the purpose of perpetrating a wrong against the plaintiffs (see Matter of DePetris v Traina, 211 AD3d at 942; Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d at 947).

Pursuant to the version of Debtor and Creditor Law § 273(a) applicable at the time of the subject conveyances, "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without fair consideration" (see Cheek v Brooks, 188 AD3d 785, 786). Under Debtor and Creditor Law former § 273-a, "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment." Additionally, pursuant to the Debtor and Creditor Law former § 274, "[e]very conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors . . . without regard to his actual intent" (see Palmerone v Staples, 195 AD3d 736, 737-738). Pursuant to the version of Debtor and Creditor Law § 275 applicable at the time of the subject conveyances, "[e]very conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors" (see JDI Display America, Inc. v Jaco Elecs., Inc., 188 AD3d 844, 845).

"The good faith of both the transferor and transferee is an indispensable element of fair consideration and preferential transfers of corporate funds to directors, officers, and shareholders of insolvent corporations in derogation of the rights of general creditors do not fulfill the requirement of good faith" (id. [citations omitted]; see American Panel Tec v Hyrise, Inc., 31 AD3d 586, 587-588). "Transfers to a controlling shareholder, officer or director of an insolvent corporation are deemed to be lacking in good faith and are presumptively fraudulent" (Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d 301, 303). "Fair consideration can include satisfaction of an antecedent debt" (Corning Fed. Credit Union v [*3]Georgilis, 217 AD3d 828, 830; see Bridgehampton Natl. Bank v D & G Partners, L.P., 186 AD3d 1301, 1311-1312).

"Debtor and Creditor Law former § 276 provides that '[e]very conveyance made . . . with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent'" (Bridgehampton National Bank v D & G Partners, L.P., 186 AD3d at 1312). "'The requisite intent required by this section need not be proven by direct evidence, but may be inferred from the circumstances surrounding the allegedly fraudulent transfer'" (JDI Display America, Inc. v Jaco Elecs., Inc., 188 AD3d at 845-846, quoting Matter of Steinberg v Levine, 6 AD3d 620, 621). "In determining whether a conveyance was fraudulent, the courts will consider badges of fraud, which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent" (id. at 846 [internal quotation marks omitted]). "The common 'badges of fraud' include 'a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; the transferor's knowledge of the creditor's claim and the inability to pay it; and retention of control of the property by the transferor after the conveyance'" (Goldenberg v Friedman, 191 AD3d 641, 643-644, quoting Wall St. Assoc. v Brodsky, 257 AD2d 526, 529).

Here, the Supreme Court's determination to set aside the transfer of the two trucks from B & A Demo to Levine, and later from Levine to King Metal and B & A Commercial, was supported by the record. The evidence at trial failed to establish the fair market value of the trucks and that the value of the two trucks transferred from B & A Demo to Levine to King Metal was offset against an officer loan Levine purportedly made to B & A Demo (see Joslin v Lopez, 309 AD2d 837, 838; Prudential Farms of Nassau County v Morris, 286 AD2d 323, 323; see also Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d at 303). Even if the defendants demonstrated that the transfer of the trucks from B & A Demo to Levine was to satisfy an antecedent debt, B & A Demo's preferential repayment of debt to Levine, its sole shareholder, did not fulfill the obligation of good faith and, thus, did not constitute fair consideration (see American Panel Tec v Hyrise, Inc., 31 AD3d at 588). Moreover, the plaintiffs established the existence of several "badges of fraud" to support the cause of action under Debtor and Creditor Law former § 276, including that Levine was the sole shareholder of B & A Demo, that B & A Demo was aware of the underlying action when it made the transfers, and that Levine retained control of the trucks after the transfer (see Matter of Setters v AI Props. & Devs. (USA) Corp., 139 AD3d 492, 493-494; Prudential Farms of Nassau County v Morris, 286 AD2d at 324). The testimony of Kenneth Neu, B & A Demo's accountant, that the IRS approved the transfer, by itself and in light of the badges of fraud present, did not "negate the inference of intent" (Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d at 303).

However, the evidence at trial did not warrant setting aside any additional transfers made between the defendants (see generally Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d at 499).

As the plaintiffs established their entitlement to judgment on the Debtor and Creditor Law former § 276 cause of action, they also established their entitlement to attorneys' fees pursuant to Debtor and Creditor Law former § 276-a (see Corning Fed. Credit Union v Georgilis, 217 AD3d at 831; Goldenberg v Friedman, 191 AD3d at 644).

BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court