■ GALLEON SYNDICATE CORPORATION, Respondent, v PAN ATLANTIC GROUP, INC., Counterclaim Defendant-Appellant. GALLEON SYNDICATE CORPORATION, Appellant, v PAN ATLANTIC GROUP, INC., Respondent. [637 NYS2d 104] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered June

26, 1995, which, *inter alia*, directed Pan Atlantic Group, Inc. ("PAG"), to produce certain documents generated in connection with an arbitration between PAG and third party Republic Insurance Company, permitted Galleon Syndicate Corporation to obtain discovery from the accounting firm of Ernst & Young, PAG's former accountants, and which directed PAG to produce certain documents for discovery, unanimously affirmed, without costs.

Order of the same court and Justice, also entered June 26, 1995, which, *inter alia*, enjoined and restricted Galleon, *pendente lite*, from transferring certain of its assets, unanimously affirmed, without costs.

The IAS Court properly exercised its discretion in directing production of the documents prepared by PAG and reports prepared by the accounting firm of Arthur Andersen in connection with the arbitration proceeding between PAG and third party Republic, sought by Galleon, which addressed the same issues of reserve adequacy and alleged mismanagement by PAG as are at issue in this action. These items are not protected from disclosure as confidential material and are subject to discovery, as material sufficiently likely to bear on the dispute and to assist in preparation for trial, pursuant to CPLR 3101 (a) (*see*, *Matter of New York County DES Litig.*, 171 AD2d 119, 122-123). There is no confidentiality privilege precluding disclosure of the material requested as the parties to the arbitration proceeding governed by the Rules of the American Arbitration Association are, in the absence of a confidentiality provision, not prohibited from disclosing documents generated or exchanged during the arbitration and since evidentiary material at an arbitration proceeding is not immune from disclosure (*Kamyr, Inc. v Combustion Eng'g*, 161 AD2d 233). We also note that Republic has recognized that Galleon, as a Republic reinsurer, has a direct interest in material relating to the loss development of the business, and that it has no objection to producing the reports responsive to Galleon's subpoena.

The IAS Court also properly exercised its discretion in determining that Galleon's remaining document requests, as narrowed by its counsel, were framed with sufficient specificity to require production by PAG of the requested documents, since the relevance of the discovery requests was adequately established.

The IAS Court also appropriately restrained, *pendente lite*, the transfer or disposal of Galleon assets to Galleon Barbardos pursuant to sections 276 and 279 of the Debtor and Creditor

Law. There was adequate support in the record that Galleon had formed and transferred assets to an offshore affiliate, Galleon Barbados, that might hinder, delay or defraud either present or future creditors, to warrant the temporary relief awarded by the trial court (*Mishkin v Kenney & Branisel*, 609 F Supp 1254, *affd* 779 F2d 35). Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.