■ WILFREDO ROSADO, Individually and Derivatively as a Shareholder of CASTILLO ROSADO, INC., EDMUNDO CASTILLO, LLC, EDMUNDO CASTILLO INTERNATIONAL, S.R.L., Appellant, v EDMUNDO CASTILLO INC. et al., Respondents. [865 NYS2d 12]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 12, 2006, which (1) denied that part of plaintiff Wilfredo Rosado's motion for contempt against all defendants except Edmundo Castillo for events occurring up to November 4, 2004, and continued the motion against all defendants for all other periods of time, (2) denied that part of the motion seeking sanctions against defendants, and (3) denied that part of the motion seeking discovery sanctions against defendants with leave to renew, unanimously modified, on the law, the branch of the motion seeking contempt against Edmundo Castillo Inc., Money Tree Inc., B & D Financial Strategies, Inc. and Denise Cassano for events that occurred up to November 4, 2004 reinstated, and otherwise affirmed, without costs, and the matter remanded for further proceedings. Order, same court and Justice, entered April 18, 2007, which, to the extent appealable, denied plaintiff's motion to renew his prior motion, unanimously affirmed, without costs.

The IAS court improperly denied that part of plaintiff's initial motion for contempt against Edmundo Castillo Inc. (ECI), Money Tree Inc., B & D Financial Strategies, Inc. and Denise Cassano for those events occurring between October 4, 2004, when the temporary restraining order was issued, and November 4, 2004, the date counsel for defendants Money Tree Inc., B & D Financial Strategies, Inc. and Denise Cassano (the Cassano defendants) appeared in court to accept service of the restraining order. Even if the Cassano defendants were not served with the temporary restraining order (TRO) until the later date, the record indicates they had knowledge of the terms of the TRO,

and thus were not entitled to avoid its effects by failing to appear at the October 4 hearing or inquire further about the proceeding (*see e.g. Matter of McCormick v Axelrod*, 59 NY2d 574, 585 [1983]). To the extent the IAS court denied the motion against ECI for those events occurring up to November 4, the motion should be reinstated, since it is undisputed that ECI was served with the TRO.

The court providently exercised its discretion in determining that plaintiff's motion for contempt against all defendants with respect to all other periods of time should be tried with the balance of this action, since the issue of defendants' possible contempt is largely related to plaintiff's action against defendants, and the court was not required to determine the issue prior to trial.

The court also properly denied that part of plaintiff's initial motion for monetary sanctions against defendants. There is no indication defendants or their attorneys intentionally prepared and altered exhibits (*compare Sakow v Columbia Bagel, Inc.*, 32 AD3d 689 [2006], *with 317 W. 87 Assoc. v Dannenberg*, 159 AD2d 245 [1990], *and PDG Psychological, P.C. v State Farm Ins. Co.*, 9 Misc 3d 172 [2005]).

Denial of that branch of plaintiff's initial motion that sought discovery sanctions pursuant to CPLR 3126 with leave to renew was also a proper exercise of discretion. Since plaintiff never made a formal discovery request pursuant to CPLR 3120, and defendants have complied with some informal discovery requests and discovery orders, it cannot be said that the latter's delay in disclosing certain documents was willful or contumacious (*see e.g. Guzetti v City of New York*, 32 AD3d 234 [2006]).

Plaintiff's motion to renew was properly denied since he failed to offer a reasonable excuse for not presenting the new evidence on the prior motion (CPLR 2221 [e] [3]) when it could have been obtained through discovery (*see Cohoes Realty Assoc. v Lexington Ins. Co.*, 266 AD2d 11 [1999], *lv dismissed* 94 NY2d 875 [2000]). To the extent plaintiff seeks to appeal the denial of so much of his motion as sought reargument, that portion of the order is not appealable. Concur—Gonzalez, J.P., Catterson, McGuire and Moskowitz, JJ.