■ ALISON SASS, Appellant, v TMT RESTORATION CONSULT-ANTS LTD. et al., Respondents, et al., Defendants. [953 NYS2d 574]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered August 10, 2011, which granted defendant TMT Restoration Consultant's (TMT) motion for summary judgment, unanimously affirmed, with costs. Order, same court and Justice, entered December 16, 2011, which granted defendant Tina Marie Tapinekis & Associates' (TMTA) motion for summary judgment to the extent of dismissing the causes of action for negligence and fraud, unanimously affirmed, with costs.

The motion court properly relied on plaintiff's unsigned deposition transcript since the transcript was certified by the reporter and plaintiff does not challenge its accuracy (*Bennett v Berger*, 283 AD2d 374, 375 [1st Dept 2001]).

Plaintiff failed to state a prima facie case for piercing the corporate veil. Plaintiff entered into a written contract with TMTA to perform construction work on her apartments which referenced TMT as the architect for the work to be performed. Plaintiff maintains that TMT and TMTA are alter egos such that one exercises complete domination over the other sufficient to warrant piercing the corporate veil. Although she has shown that there is overlapping ownership, a common officer, and common office space and facilities, she has failed to meet her burden of showing complete domination and control and that such domination was used to commit a fraud or wrong causing her injury (*Fantazia Intl. Corp. v CPL Furs N.Y., Inc.*, 67 AD3d 511, 512 [1st Dept 2009]). Given that TMT was neither a signatory nor a party to the contract, there is no basis for holding TMT liable for any alleged breach of the contract.

The negligence claim against TMTA was properly dismissed as it is merely an allegation that TMTA negligently performed its contractual duties. Such an allegation does not give rise to a claim for negligence, absent some duty independent of the contract (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 551-552 [1992]). With regard to the fraud claim, there is no evidence that TMTA made the misrepresentation that it had a license from the Department of Consumer Affairs and, in any event, the only harm alleged, defective workmanship, relates to plaintiff's claim for breach of contract (*see Tesoro Petroleum Corp. v Holborn Oil Co.*, 108 AD2d 607 [1st Dept 1985], *appeal dismissed* 65 NY2d 637 [1985]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Freedman, JJ.