■ 172 Van Duzer Realty Corp., Appellant-Respondent, v 878 Education, LLC, et al., Respondents, and Globe Institute

of Technology, Inc., et al., Respondents-Appellants, et al., Defendants. [37 NYS3d 117]—

Judgment, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered June 16, 2015, dismissing the complaint as against defendants 878 Education, LLC (878 LLC), Martin Oliner, and ISO, LLC (collectively, the Oliner defendants), pursuant to an order of the same court and justice, entered January 8, 2015, which granted the Oliner defendants' motion to dismiss the complaint as against them, unanimously modified, on the law, to vacate the award of judgment to 878 LLC, deny the Oliner defendants' motion to dismiss the complaint as against 878 LLC, reinstate the complaint as against 878 LLC, and otherwise affirmed, without costs. So much of the aforesaid order as, upon the motion by defendants Globe Institute of Technology, Inc., Oleg Rabinovich, Lyubov Rabinovich also known as Luba Rabinovich, Michael Rabinovich, and Edward Rabinovich (collectively, the Globe defendants) to dismiss the complaint as against them, granted the motion to the extent of dismissing the first, second and third causes of action as against the Globe defendants and otherwise denied the motion, unanimously modified, on the law, to deny the motion as to the first, second and third causes of action, and otherwise affirmed, without costs. Appeal from so much of the aforesaid order as addressed the Oliner defendants' motion to dismiss the complaint as against them, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment.

Defendant Globe Institute of Technology, Inc. (Globe Institute) began operating a for-profit technical school in 1994.[1] Nonparty Leon Rabinovich was the original shareholder and president of the corporation. In 2003, Leon Rabinovich pleaded guilty to a felony, and as part of his plea agreement, transferred ownership of the shares of Globe Institute to his wife, defendant Lyubov Rabinovich also known as Luba Rabinovich, and

---

**1.** The facts set forth in this decision are alleged in the complaint or other documents appearing in the record and are assumed to be true for purposes of this appeal from the disposition of motions to dismiss the complaint.

his three sons, defendants Oleg Rabinovich, Michael Rabinovich and Edward Rabinovich (collectively, the Rabinovich defendants). In 2005, Globe Alumni Student Association, Inc. (Globe Alumni) (a defendant in this action but not a party to this appeal) was formed to acquire space for use as a dormitory for students enrolled at Globe Institute's school. Subsequently, in September 2006, plaintiff 172 Van Duzer Realty Corp., an entity owned by Leon Rabinovich's brother-in-law, purchased a building for that purpose, at Leon Rabinovich's request, and leased it to Globe Alumni for such use. The building's certificate of occupancy was issued based on plaintiff's execution of a restrictive declaration that the premises would be used solely as a student dormitory, which reduced the building's market value. In May 2007, plaintiff and Globe Alumni executed a nine-year lease extension. Globe Institute guaranteed Globe Alumni's rental payments to plaintiff during the term of the nine-year lease extension. The guarantee was not executed, however, by Globe Institute's shareholders, the Rabinovich defendants.

In June 2007, the United States Department of Education (DOE) denied Globe Institute's application to participate in federal financial aid programs, which participation was vital to the operation of the school. DOE indicated that it would reconsider this determination only if the Rabinovich defendants ceased to own and control the school. Accordingly, the Rabinovich defendants began to seek a buyer for the school. Although offers ranging from $3 million to $10 million were received, most of the prospective buyers insisted on a lengthy due diligence period before closing. Under pressure to effect an immediate sale, the Rabinovich defendants entered into a hastily-negotiated agreement to sell Globe Institute's operating assets to defendant 878 LLC, an entity owned by defendant Martin Oliner. Pursuant to the asset purchase agreement, Globe Institute transferred substantially all of its assets to 878 LLC in exchange for 878 LLC's assumption of specified liabilities of Globe Institute (totaling more than $3 million), some of which were personally guaranteed by the Rabinovich defendants, and for a payment of $1.35 million directly to the Rabinovich defendants. Critically to this action, Globe Institute's guarantee of rental payments to plaintiff under the lease to Globe Alumni was not among the liabilities that 878 LLC assumed pursuant to the asset purchase agreement. Apart from 878 LLC's assumption of certain of its liabilities, Globe

Institute did not receive any consideration as a result of the transaction, which closed in October 2007.[2]

In 2008, Globe Alumni ceased making payments to plaintiff under the dormitory lease. Plaintiff subsequently obtained a judgment for $1,488,604 against Globe Alumni and Globe Institute for breaches of the lease and the guarantee, which judgment was affirmed by this Court and, upon a further appeal to the Court of Appeals, remanded for a determination as to whether the lease's acceleration clause is an unenforceable penalty (*172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc.*, 102 AD3d 543 [1st Dept 2013], *mod* 24 NY3d 528 [2014]). However, given plaintiff's allegations that Globe Alumni and Globe Institute were left without assets as a result of the October 2007 transaction, it is not clear that either of these entities have the resources to satisfy this judgment.

In this action, plaintiff asserts, as relevant to this appeal, claims of constructive fraudulent conveyance (the first, second and third causes of action, under Debtor and Creditor Law §§ 273, 274, 275, respectively) and actual fraudulent conveyance (the fourth cause of action, under Debtor and Creditor Law § 276) against 878 LLC, Martin Oliner, ISO LLC, Globe Institute, and the Rabinovich defendants. These causes of action seek to set aside the transfer of Globe Institute's assets to 878 LLC pursuant to Debtor and Creditor Law § 279, and to recover from those assets the amounts due plaintiff under Globe Institute's guarantee of Globe Alumni's obligations under the dormitory lease.

The complaint states a cause of action for constructive fraudulent conveyance against Globe Institute, the Rabinovich defendants and 878 LLC by alleging that the conveyance of Globe Institute's assets to 878 LLC was made without the exchange of "fair consideration," since the transaction could be viewed as resulting in part of the value of Globe Institute's assets being paid to its shareholders indirectly, suggesting bad faith (*see* Debtor and Creditor Law § 272 [a]). Further, while the asset purchase agreement provided for 878 LLC to assume certain liabilities of Globe Institute and to make future conditional payments to Globe Institute's shareholders, in opposition to the motion, plaintiff presented supplementary evidence that the consideration was not a "fair equivalent" for

---

**2.** Oliner formed defendant ISO LLC to assume from 878 LLC certain of the liabilities the latter had assumed from Globe Institute. We note that Globe Institute and the Rabinovich defendants are currently pursuing separate litigation against 878 LLC, based on allegations that 878 LLC failed to fulfill certain of its obligations under the asset purchase agreement.

the valuable assets transferred (*see id.*). The complaint also adequately alleges that the transaction rendered Globe Institute insolvent (Debtor and Creditor Law § 273) and was accomplished while Globe Institute was engaged in business (Debtor and Creditor Law § 274), and that Globe Institute and the Rabinovich defendants were aware that the transaction would prevent Globe Institute from fulfilling its obligations under its guarantee of rental payments due under Globe Alumni's lease (Debtor and Creditor Law § 275; *see In re Chin*, 492 BR 117, 129 [Bankr ED NY 2013]; *Continental Bank N.A. v Modansky*, 159 BR 129, 131 [Bankr SD NY 1993], *affd* 41 F3d 1501 [2d Cir 1994]).

The cause of action for actual fraudulent conveyance under Debtor and Creditor Law § 276 is also adequately pleaded against Globe Institute, the Rabinovich defendants, and 878 LLC. Although the transaction was conducted at arm's length, plaintiff has sufficiently alleged " 'badges of fraud,' " i.e., "circumstances so commonly associated with fraudulent transfers 'that their presence gives rise to an inference of intent,' " including (1) the parties' structuring of the transaction so that the sole consideration promised to Globe Institute, aside from 878 LLC's assumption of certain of Globe Institute's liabilities, was a $1.35 million payment directly to its shareholders, the Rabinovich defendants, rather than to Globe Institute itself, (2) the exclusion of Globe Institute's guarantee of the lease agreement from the list of assumed liabilities, although the parties knew that Globe Institute would be left as a corporate shell as result of the transaction and would therefore be unable to honor any future liabilities, (3) inadequate consideration, and (4) the transaction's having been outside the usual course of business and hastily closed over the course of only a few days, while other potential buyers required a much longer due diligence period (*Wall St. Assoc. v Brodsky*, 257 AD2d 526, 529 [1st Dept 1999], quoting *Pen Pak Corp. v LaSalle Natl. Bank of Chicago*, 240 AD2d 384, 386 [2d Dept 1997]; *In re Kaiser*, 722 F2d 1574, 1582-1583 [2d Cir 1983]).

Globe Institute and the Rabinovich defendants, as transferors and beneficiaries of 878 LLC's promises, are potentially liable to plaintiff pursuant to Debtor and Creditor Law § 279, in the event the transaction is found to have been fraudulent, as is 878 LLC, as the transferee of the allegedly fraudulently conveyed assets (*see Blakeslee v Rabinor*, 182 AD2d 390 [1st Dept 1992], *lv denied* 82 NY2d 655 [1993]).

In support of the veil-piercing claim against Oliner and ISO LLC, the complaint alleges conclusory that Oliner used 878

LLC and defendant ISO LLC "interchangeably and without regard to due corporate formalities." It fails to allege facts sufficient to show that Oliner exercised complete domination of 878 LLC "in respect to the transaction attacked," i.e., the allegedly fraudulent conveyance, and that that domination was used to commit a fraud or wrong that caused plaintiff's injury (*Shisgal v Brown*, 21 AD3d 845, 848 [1st Dept 2005] [internal quotation marks omitted]). Common ownership alone is not sufficient to show domination (*see Sass v TMT Restoration Consultants Ltd.*, 100 AD3d 443 [1st Dept 2012]). Since the viability of the complaint as against Oliner and ISO LLC depends on plaintiff's ability to pierce 878 LLC corporate veil, and the complaint fails to allege sufficient grounds for doing so, the complaint was correctly dismissed as against Oliner and ISO LLC. We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Friedman, J.P., Sweeny, Saxe, Richter and Kahn, JJ.