Verizon N.Y. Inc. v City of New York (2018 NY Slip Op 01427)





Verizon N.Y. Inc. v City of New York


2018 NY Slip Op 01427


Decided on March 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


111365/04 5790 5789

[*1]Verizon New York Inc., Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.


The Cosgrove Law Firm, Buffalo (Edward C. Cosgrove of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Donna B. Morris of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered January 16, 2015, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 5, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for leave to reargue, unanimously dismissed, without costs.
Defendant made a prima facie showing that it had no prior notice of a defective water main at the location of the incident, as it found no records reflecting a water main break for two years prior to the event (see generally De Witt Props. v City of New York, 44 NY2d 417, 424 [1978]; see also Clindinin v New York City Hous. Auth., 117 AD3d 628, 628 [1st Dept 2014]). Although there were several reports of leaking hydrants during the relevant period, defendant investigated and determined that the complaints were unwarranted or promptly addressed them. Further, while water was reported to be leaking into the manhole involved in the incident about a year and a half before the event, the water was tested and found not to be from defendant's facilities.
Plaintiff's argument that defendant's records were not in admissible form and should not have been considered by the motion court is improperly raised for the first time on appeal (see Weicht v City of New York, 148 AD3d 551, 552 [1st Dept 2017]). In any event, the records, which were attached to a City official's affidavit, were admissible (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508 [2015]).
Plaintiff failed to raise a triable issue of fact as to notice. Although two of its employees submitted affidavits stating that water had infiltrated the manhole at the subject location prior to the event, the employees were not specific as to when this occurred, and plaintiff failed to produce any records of its own concerning such prior incidents.
The denial of plaintiff's motion for leave to reargue is not appealable (see Rosado v Edmundo Castillo Inc., 54 AD3d 278, 279 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 6, 2018
CLERK