Belair Care Ctr., Inc. v Cool Insuring Agency, Inc. (2018 NY Slip Op 03196)





Belair Care Ctr., Inc. v Cool Insuring Agency, Inc.


2018 NY Slip Op 03196


Decided on May 3, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 3, 2018

525321

[*1]BELAIR CARE CENTER, INC., et al., Appellants- Respondents,
v
COOL INSURING AGENCY, INC., et al., Respondents- Appellants, and HIRSCH WOLF & COMPANY, INC., et al., Respondents, et al., Defendants.

Calendar Date: March 30, 2018

Before: McCarthy, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Barclay Damon, LLP, Albany (David M. Cost of counsel), for appellants-respondents.
Maguire Cardona, PC, Albany (Kathleen A. Barclay of counsel), for Cool Insuring Agency, Inc., respondents-appellants.
Keidel, Weldon & Cunningham, LLP, White Plains (Stephen C. Cunningham of counsel), for respondents.


Rumsey, J.

MEMORANDUM AND ORDER
Cross appeal from an order of the Supreme Court (Platkin, J.), entered October 7, 2016 in Albany County, which, among other things, partially denied plaintiffs' motion for leave to serve an amended complaint.
Plaintiffs are former members of the Healthcare Industry Trust of New York (hereinafter the trust), which was a group self-insured trust (hereinafter GSIT) that was created in 1999 pursuant to Workers' Compensation Law § 50 (3-a) and was administered by Compensation Risk [*2]Managers, LLC (hereinafter CRM). In December 2007, the Workers' Compensation Board (hereinafter the Board) assumed control of the trust after determining that it was significantly underfunded (see 12 NYCRR 317.20). The Board initially estimated that the trust deficit, for which the members were jointly and severally liable, was $91 million and, prior to July 10, 2009, levied initial assessments against the members for their proportionate shares of the deficit. Based on a forensic audit, the Board subsequently concluded that the trust had a deficit of more than $220 million. Final assessments were issued to trust members in early 2013.
In July 2009, members of the trust, including all but two of the plaintiffs in this action, commenced an action against CRM and others, including defendant Hickey-Finn & Co., Inc. and John Doe corporate defendants (hereinafter the HITNY action). An amended complaint filed in November 2009 continued to name Hickey-Finn and John Doe Corporation 1-5 as defendants. In March 2010, the trust members filed a supplemental summons and a second amended complaint that, among other things, named defendant Cool Insurance Agency, Inc. as a defendant. In April 2010, the HITNY action was stayed by a litigation coordinating panel. During the pendency of the stay, certain trust members sought to preserve additional claims against insurance brokers — including Cool and defendant Treiber Group, LLC — by commencing a separate action in December 2012 (hereinafter the Seacrest action). After the stay in the HITNY action was terminated in February 2013, the trust members were permitted to amend their complaint in the HITNY action for a third time — in November 2013 — to, among other things, include the Seacrest action defendants. The Seacrest action parties entered into a stipulation of discontinuance in which they agreed that the claims asserted by the Seacrest action plaintiffs in the third amended complaint against, as relevant here, Cool and Treiber would be deemed to relate back to December 2012, the date that the Seacrest action was commenced.
The trust members thereafter assigned all of their causes of action to the Board, except those asserted against the various insurance brokers. Supreme Court then ordered the trust members to commence a new action asserting the claims they had retained. Thus, in March 2014, plaintiffs commenced this action against Cool, Treiber, Hickey-Finn, defendant Vanner Insurance Agency, defendant Hirsch Wolf & Company, Inc. (hereinafter Hirsch Wolf) and others, generally alleging that they had misrepresented to plaintiffs the risks associated with GSITs — including the fact that the trust members would be jointly and severally liable for any trust deficit — and that defendants breached duties owed to plaintiffs. In June 2016, plaintiffs moved to amend their complaint by, as relevant here, adding causes of action for breach of contract, negligence, false advertising pursuant to General Business Law § 350, aiding and abetting breach of fiduciary duties and aiding and abetting fraud, and by adding defendant Hirsch Wolf & Company LLC, Doing Business as B.R. Wolf & Co. LLC (hereinafter Hirsch Wolf LLC), as a defendant, based on allegations that it was an alter ego of Hirsch Wolf.
In a thorough decision, Supreme Court granted plaintiffs' motion, except to the extent that the proposed amended complaint (1) asserted new claims against Hickey-Finn and Cool, (2) asserted causes of action for negligence and false advertising against Treiber, (3) asserted a cause of action for false advertising pursuant to General Business Law § 350, and (4) named Hirsch Wolf LLC as a defendant. Specifically, the court determined that the new proposed causes of action against Hickey-Finn were barred by the applicable statutes of limitations. The court concluded that, although the proposed claims against Cool related back to the commencement of the Seacrest action, they were, nonetheless, also untimely. Similarly, the court further concluded that the new causes of action of neglect and false advertising proposed to be asserted against Treiber were barred by the applicable statutes of limitations whether plaintiffs' claims related back to the commencement of the Seacrest action or to service of the third amended complaint in the HITNY action. The court also determined that the proposed claim pursuant to General [*3]Business Law § 350 lacked merit and that the proposed amended complaint did not allege sufficient facts to show that Hirsch Wolf LLC was an alter ego of Hirsch Wolf. Plaintiffs appeal so much of the October 17, 2016 order as partially denied their motion for permission to amend the complaint, and Cool, Hickey-Finn and Vanner cross-appeal from so much of that order as partially granted plaintiffs' motion for permission to amend the complaint.[FN1]
"[T]he rule on a motion for leave to amend a pleading is that the movant need not establish the merits of the proposed amendment and, in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 102 [2017] [internal quotation marks, brackets and citation omitted])[FN2]. A claim is palpably insufficient or patently devoid of merit where it would be barred by the applicable statute of limitations.
Plaintiffs do not dispute Supreme Court's determination of the applicable statute of limitations for each new proposed cause of action, but argue, in the first instance, that the court erred in determining that the negligence and false advertising claims had accrued not later than July 10, 2009, when the Board issued deficit assessments to each trust member and demanded payment. Instead, plaintiffs argue that these causes of action did not accrue until the spring of 2013, when the Board issued revised and final assessments to the trust members.
A tort cause of action accrues "when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]), and damages are a necessary element that must be pleaded in causes of action for negligence and false advertising (see Lewiarz v Travco Ins. Co., 82 AD3d 1464, 1466 [2011]; DeAngelis v Timberpeg E., Inc., 51 AD3d 1175, 1777 [2008]). We have previously held that damages became sufficiently ascertainable to cause accrual of a tort cause of action when a former member of a GSIT received a bill demanding payment of amounts due the GSIT (see NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792, 795-796 and n 4 [2016]; see also NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 141 AD3d 785, 789-790 [2016]). By contrast, a cause of action does not accrue, and members of the trust have no duty to make any payments to restore a deficit, until a demand for payment is made (see State of N.Y., Workers' Compensation Bd. v A & T Healthcare, LLC, 85 AD3d 1436, 1437-1438 [2011]).
In this case, the Board was required to issue the assessments upon its determination that the trust was insolvent (see 12 NYCRR 317.20 [b]). Plaintiffs concede that the initial assessment of liability was made prior to July 10, 2009; indeed, the original complaint bearing that date alleges that the Board had already levied assessments demanding payment from trust members — the equivalent of bills demanding payment — based upon its estimate that the trust deficit exceeded $91 million and, further, that the Board had also commenced an action to recover that sum from the trust members. Notably, the original complaint also asserts a negligence cause of [*4]action based on allegations that plaintiffs had sustained damages. Thus, we conclude that Supreme Court properly determined that the proposed causes of action for negligence and false advertising accrued no later than July 10, 2009.
Plaintiffs' further contend that the proposed new causes of action against Hickey-Finn, Cool and Treiber are based on the same transactions and occurrences that were alleged in the original complaint in the HITNY action and, thus, relate back to that complaint. Hickey-Finn was named as a broker defendant in the first amended complaint, before any applicable statute of limitations would have rendered plaintiffs' proposed causes of action untimely [FN3]. Where the issue is whether a claim may be interposed against a defendant who was named as a party before the statute of limitations expired, the query is limited to whether the earlier complaint "gave notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (US Bank N.A. v Gestetner, 103 AD3d 962, 964-965 [2013] [internal quotation marks, brackets and citation omitted]; see CPLR 203 [f]).
The first amended complaint generally alleged that the broker defendants induced them to join the trust based on false representations that the trust was financially sound and by falsely understating the costs and potential liabilities associated with joining the trust. By contrast, although the proposed amended complaint similarly refers to Hickey-Finn as a broker defendant, it contains no specific allegations that Hickey-Finn made any misrepresentations to induce any plaintiff to join the trust. Rather, the proposed amended complaint alleges that Hickey-Finn sold certain forms of insurance to the trust through CRM and charged exorbitant commissions on those sales, notwithstanding certain conflicts of interest caused by common ownership and control of Hickey-Finn and CRM. Thus, the proposed amended complaint asserts that Hickey-Finn is liable to plaintiffs based upon entirely new transactions or occurrences that are not related to the factual allegations of the first amended complaint; indeed, the proposed amended complaint alleges new material facts as a basis of liability, not merely new legal theories of liability based upon the original facts. Accordingly, Supreme Court properly determined that the new claims that plaintiffs sought to impose against Hickey-Finn do not relate back to the claims asserted in the first amended complaint.
The only claim asserted against Cool in the proposed amended complaint is based on allegations that it made misrepresentations that induced plaintiff Morgan Estates ACF,
LP to join the trust. Supreme Court correctly noted that, although Cool was first named as a defendant in the second amended complaint based on claims made by Eden Park Health Services, Inc., Morgan Estates first made a claim against Cool in the third amended complaint. The court concluded that the claims asserted against Cool by Eden Park did not provide Cool with notice of a potential claim by Morgan Estates and, therefore, that Morgan Estates' proposed causes of action against Cool relate back to the December 17, 2012 commencement date of the Seacrest action. Supreme Court considered an affidavit submitted by Cool showing that it had no further business relationship with Morgan Estates after April 1, 2006. Based on that affidavit, Supreme Court determined that the proposed causes of action against Cool were time-barred. We conclude that Supreme Court properly considered the affidavit in the present circumstances. Leave to amend a pleading should be "freely granted unless the proposed amendment is palpably [*5]insufficient or patently devoid of merit" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d at 102). Cool opposed the motion to amend the complaint on the basis that the claims sought to be asserted against it were palpably insufficient or patently devoid of merit because they are barred by the applicable statute of limitations. Whether a claim is barred by the statute of limitations turns on two dates — the date that the cause of action accrued and the date that it was asserted or is deemed to have been asserted. The affidavit was properly considered as it was relevant to the date on which the potential claims accrued and, moreover, Morgan Estates had the opportunity to submit contrary proof. Accordingly, Supreme Court properly denied leave to amend the complaint to assert the proposed new causes of action against Cool.
Treiber was first named as a defendant in the third amended complaint. By stipulation, it was agreed that the causes of action asserted in the third amended complaint would be deemed to have been asserted on December 17, 2012, when the Seacrest action was commenced. Thus, the proposed new causes of action would be untimely unless, as plaintiffs argue, they relate back to the first amended complaint. "The relation back doctrine permits a [plaintiff] to amend a [complaint] to add a [defendant] even though the statute of limitations has expired at the time of amendment so long as the [plaintiff] can demonstrate three things: (1) that the claims arose out of the same occurrence, (2) that the later-added [defendant] is united in interest with a previously named [defendant], and (3) that the later-added [defendant] knew or should have known that, but for a mistake by [plaintiff] as to the later-added [defendant's] identity, the [action] would have also been brought against him or her" (Matter of Sullivan v Planning Bd. of the Town of Mamakating, 151 AD3d 1518, 1519-1520 [2017] [citations omitted], lv denied 30 NY3d 906 [2017]).
Plaintiffs failed to establish the second prong of the relation back doctrine. "Unity of interest requires a showing that the judgment will similarly affect the proposed defendant, and that the new and original defendants are vicariously liable for the acts of the other" (Stokes v Komatsu Am. Corp., 117 AD3d 1152, 1155 [2014] [internal quotation marks and citations omitted]; see McLaughlin v 22 New Scotland Ave., LLC, 132 AD3d 1190, 1193 [2015]; Leblanc v Skinner, 103 AD3d 202, 209-211 [2012]; Zehnick v Meadowbrook II Assoc., 20 AD3d 793, 796-797 [2005], lv dismissed and denied 5 NY3d 873 [2005]). The proposed amended complaint alleges that Treiber — like all brokers — engaged in a cooperative strategy with CRM to market the trust; however, it contains no allegations that there was a jural, or legal, relationship between Treiber and CRM that would make either vicariously liable for the acts of the other. Thus, Supreme Court properly denied plaintiffs leave to amend the complaint to assert a negligence cause of action against Treiber.[FN4]
We next consider plaintiffs' argument that Supreme Court erred by denying them leave to amend the complaint to add claims under General Business Law § 350 on the basis that the instances of false advertising alleged in the proposed amended complaint did not affect the public at large but, rather, evinced only a private contractual dispute. We agree. The proposed amended complaint contains allegations that we have previously found are sufficient to state a [*6]cause of action under General Business Law § 350 against defendants involved in administering a GSIT similar to the one at issue in this case (see Accredited Aides Plus, Inc. v Program Risk Mgt., Inc., 147 AD3d 122, 134-135 [2017]). Specifically, plaintiffs alleged that "[d]efendants made materially misleading statements" through advertisements and marketing materials that were disseminated to the general public and by publication on websites that were available to the general public. They further alleged that the misleading statements targeted employers seeking workers' compensation coverage and were "likely to mislead reasonable employers." Plaintiffs also alleged that defendants' deceptive behavior harmed plaintiffs and other trust members and that "their actions have jeopardized the workers' compensation benefits of New York employers and their employees." Inasmuch as the proposed cause of action for violating General Business Law § 350 was not patently without merit, leave should have been granted to add that proposed cause of action, to the extent that such claims accrued within the three-year statute of limitations.
Finally, we also conclude that Supreme Court properly denied that part of plaintiffs' motion that sought permission to amend the complaint to add Hirsch Wolf LLC as a party based solely on a theory of alter ego liability. The corporate veil will be pierced and liability imposed when either (1) there is complete domination of a corporation by an individual or another corporation with respect to the transaction being attacked that resulted in a fraud or wrong against the complaining party, or (2) "when a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego" (Matter of Island Seafood Co. v Golub Corp., 303 AD2d 892, 893 [2003] [internal quotation marks, brackets and citation omitted]; see Ganje v Yusuf, 133 AD3d 954, 957 [2015]). Here, the proposed complaint alleges only that Hirsch Wolf and Hirsch Wolf LLC had common owners, officers and directors and that they shared the same office space, addresses and telephone numbers. Such allegations, standing alone, are insufficient to plead the elements required to establish alter ego liability (see Sass v TMT Restoration Consultants Ltd., 100 AD3d 443, 443 [2012]; Andejo Corp. v South St. Seaport Ltd. Partnership, 40 AD3d 407, 407 [2007]; cf. Accredited Aides Plus, Inc. v Program Risk Mgt., Inc., 147 AD3d at 136).
McCarthy, J.P., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion seeking leave to amend the complaint to assert a cause of action under General Business Law § 350; motion granted to said extent consistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Hirsch Wolf, Treiber and defendant Marshall & Sterling, Inc. have withdrawn their appeals.

Footnote 2: At oral argument, counsel for Cool, Hickey-Finn and Vanner withdrew their cross appeals based on our recent adoption of this rule (see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d at 101-102).

Footnote 3: In considering plaintiffs' argument that the proposed claims relate back to a prior pleading, we may not consider the original July 2009 complaint because it was never served. The earliest pleading we may consider for this purpose is the first amended complaint that was served in December 2009.

Footnote 4: Plaintiffs' assertion that the proposed causes of action relate back to the first amended complaint because it named John Doe defendants is unavailing, in light of plaintiffs' failure to establish that they made a diligent effort to "ascertain the unknown part[ies'] identit[ies] prior to the expiration of the statute of limitations" (Walker v Hormann Flexon, LLC, 153 AD3d 997, 998 [2017]).