Board of Mgrs. of Be@William Condominium v 90 William St. Dev. Group LLC (2020 NY Slip Op 06221)





Board of Mgrs. of Be@William Condominium v 90 William St. Dev. Group LLC


2020 NY Slip Op 06221


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, JJ. 


Index No. 105137/11 Appeal No. 12246-12246A Case No. 2019-3298, 2019-3367 

[*1]Board of Managers of Be&commat;William Condominium, Plaintiff-Respondent,
v
90 William St. Development Group LLC, et al., Defendants-Appellants, Procida Realty & Construction Corp. of NY, et al., Defendants.


Cohen & Marderosian, New York (Mark D. Marderosian of counsel), for 90 William st. Development Group LLC, SDS William LLC, 90 William Holding LLC, SDS Procida Development Group LLC, Dream SDS LLC, SD46 LLC, Louis V. Greco Jr. and Linda Greco, appellants.
Bronstein, Gewirtz & Grossman, LLC, New York (Yitzchak E. Soloveichik of counsel), for Gamcrefk Trust, Steven M. Etkind, Rachel Foster and Alain Kodsi, appellants.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Stephen H. Orel of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered March 13, 2019, which granted plaintiff's motion for summary judgment as to liability on its claim for breach of contract as against defendant 90 William St. Development Group LLC (the sponsor) for failure to timely obtain a permanent certificate of occupancy and failure to construct the building according to the offering plan, and denied the sponsor and SDS Procida Equities LLC's (together with the sponsor, the sponsor defendants) cross motion to vacate certain orders granted pursuant to CPLR 306-b and for sanctions, unanimously affirmed, with costs. Order, same court and Justice and date of entry, which denied defendants Steven Etkind, Rachel Foster, Alain Kodsi, and Gamcrefk Trust's (together, the Gamcrefk defendants) motion to dismiss the amended complaint as against them and for leave to renew and reargue plaintiff's motion to add them and others as parties, unanimously affirmed as to the denial of the motion to dismiss and to renew, and appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order.
The sponsor's conceded failure to obtain a permanent certificate of occupancy within two years from the first closing as required by the offering plan establishes its breach of the offering plan (see Board of Mgrs. of Loft Space Condominium v SDS Leonard, LLC, 142 AD3d 881, 882 [1st Dept 2016]), as does the sponsor's concession that certain aspects of the building were not constructed according to the offering plan. Moreover, as the motion court determined, although the sponsor's ability to obtain temporary certificates of occupancy is some evidence that the building was substantially in compliance with the Building Code, it is not dispositive of whether the building was converted to the specifications under the offering plan. Plaintiff established the existence of the defects through several expert reports. To the extent the sponsor defendants maintain that the defects identified in the reports were not material breaches, they will have an opportunity to demonstrate as much at a hearing on damages.
The motion court correctly granted summary judgment to plaintiff as to liability on its fraudulent conveyance claims against the sponsor defendants and denied the Gamcrefk defendants' motion pursuant to CPLR 3211 to dismiss the fraudulent conveyance claims as against them. Defendants contend that the claims under Debtor and Creditor Law former [FN1] §§ 274 and 274 should be dismissed because no fiduciary or confidential relationship between the parties was alleged, citing e.g. Sutton Apts. Corp. v Bradhurst 100 Dev. LLC (107 AD3d 646, 648 [1st Dept 2013]). However, the Court of Appeals did not impose such a requirement in sustaining Debtor and Creditor Law former §§ 273 and 274 claims (ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d 208, 228 [2011]), and we did not impose the requirement in subsequent cases (see e.g. 172 Van Duzer Realty Corp. v 878 Educ., LLC, 142 AD3d 814, 817-818 [1st Dept 2016]; Eastern Concrete Materials, Inc./NYC Concrete Materials v DeRosa Tennis Contrs., Inc., 139 AD3d 510, 511-512 [1st Dept 2016]).
Contrary to defendants' contentions with respect to intentional fraudulent conveyance claims, Debtor and Creditor Law former § 276 did not require the debtor to know of the creditor's claim at the time of the transfer, as it expressly applied to "present and future creditors" (see Nonas v Romantini, 271 AD2d 292 [1st Dept 2000]). As to both sets of defendants, the motion court correctly determined that plaintiff pleaded and established several "badges of fraud" surrounding the millions of dollars in unexplained transfers to defendants (see Dempster v Overview Equities, Inc., 4 AD3d 495, 498 [2d Dept 2004], lv denied 3 NY3d 612 [2004]).
The motion court properly denied the sponsor's motion for sanctions against plaintiff for its purported abuse of the procedure for extending the time for service under CPLR 306-b. Defendants' first motion for the same relief in October 2014 was untimely under CPLR 3211(e). Moreover, defendants failed to show that they were prejudiced by the extensions of time (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 107 [2001]). In any event, there is no evidence in the record that the court was misled in granting the extensions (see 22 NYCRR 130-1.1[c]).
With respect to the Gamcrefk defendants' motion to renew plaintiff's motion to add them as parties, we note that plaintiff's motion was unopposed. The Gamcrefk defendants failed to offer new facts in support of renewal (see Melcher v Apollo Med. Fund Mgt. L.L.C., 105 AD3d 15, 23 [1st Dept 2013]).
No appeal lies from the denial of a motion to reargue (Rosado v Edmundo Castillo Inc., 54 AD3d 278 [1st Dept 2008]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020



Footnotes

Footnote 1: Debtor and Creditor Law, article 10, was repealed in December 2019 and a new article 10 added, effective April 4, 2020 (L 2019, ch 580, § 2).