Matter of Penick (2023 NY Slip Op 00386)

Matter of Penick

2023 NY Slip Op 00386

Decided on January 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 26, 2023

Before: Friedman, J.P., Moulton, Kennedy, Pitt-Burke, JJ. 

Index No. 4509/16 Appeal No. 17178 Case No. 2022-01743 

[*1]In the Matter of Patricia H. Penick, Deceased.
Earl G. Thompson, Petitioner-Appellant,
Gerald Anderson et al., Respondents-Respondents.

Earl G. Thompson, appellant pro se.
RK Law PC, New York (Regina Kiperman of counsel), for respondents.

Order, Surrogate's Court, New York County (Rita Mella, S.), entered November 19, 2021, which denied petitioner's motion to renew and reargue his petition to extend his time to file a spousal election pursuant to EPTL 5-1.1-A, unanimously affirmed, as to renewal, and the appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order.
The court providently exercised its discretion in denying petitioner's motion to renew because he failed to point to new facts that were not provided in his original motion that would change the result (CPLR 2221[e][2], [3]; see Singh v QLR Five LLC, 171 AD3d 614 [1st Dept 2019]), and he did not demonstrate that the interests of justice required renewal.
As the court noted in the original motion petitioner did not show reasonable cause for his failure to elect in a timely fashion (see EPTL 5-1.1-A[d][2]; Matter of Cavallo, 98 AD3d 1115, 1116 [2d Dept 2012]). Nothing he presented on renewal would change that result. The court properly concluded that petitioner was aware that he was required to make an election within a stated time period, and that despite his alleged infirmities and difficulties, he was able to challenge respondent's petition to probate a 2015 instrument that benefited decedent's siblings and to petition for the probate of a 2016 instrument that benefited himself.
No appeal lies from denial of a motion for reargument (see Board of Mgrs. of BeWilliam Condominium v 90 William St. Dev. Group LLC, 187 AD3d 680, 682 [1st Dept 2020]).
We have considered petitioner's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2023