214 Knickerbocker LLC v Shou Pan (2023 NY Slip Op 02959)

214 Knickerbocker LLC v Shou Pan

2023 NY Slip Op 02959

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Renwick, A.P.J., Kern, Singh, Scarpulla, Higgitt, JJ. 

Index No. 651435/20 Appeal No. 390 Case No. 2022-04761 

[*1]214 Knickerbocker LLC, Plaintiff-Respondent,
v
Shou Pan et al., Defendants-Appellants.

Jakubowitz & Chuang LLP, New York (William W. Chuang of counsel), for appellants.
Schwartz Law PLLC, New York (Allen Schwartz of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered October 19, 2022, which, to the extent appealed from, granted plaintiff's motion for summary judgment on its claims pursuant to former Debtor and Creditor Law §§ 273 and 276 (repealed by L 2019, ch 580, § 2), deemed fraudulent and void the transfer of the subject property (the Smart Street property), and enjoined defendants from disposing of the Smart Street property, unanimously affirmed, without costs.
Defendants Shou Pan and Feng Chen (the parents) and defendants Yu Zhao Pan and Yu Xing Pan (the sons) acquired the Smart Street property together and held it as tenants with a right of survivorship for about 12 years. Within a week after plaintiff commenced an action against the parents seeking up to $5 million in damages, defendants transferred the Smart Street property to the sons for nominal consideration.
Plaintiff established prima facie that the conveyance of the parents' interest in the Smart Street property to the sons without fair consideration was a fraudulent conveyance (see Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d 301, 302 [1st Dept 2006]; Matter of Northwest 5th & 45th Realty Corp. v Mitchell, Maxwell & Jackson, Inc., 2013 NY Slip Op 31734[U] [Sup Ct, NY County 2013]). In opposition, defendants failed to submit evidence sufficient to raise an issue of fact as to whether the conveyance of the parents' interests in the property was in exchange for fair consideration consisting of antecedent debt. While defendants averred that one of the sons was obligated for and had in the past paid the mortgage on the property, these averments were insufficient because defendants failed to offer any evidence that the alleged past consideration was "explicitly recited in a writing" (Korff v Corbett, 155 AD3d 405, 408 [1st Dept 2017], lv denied 31 NY3d 912 [2018]; see General Obligations Law § 5-1105; Matter of CIT Group, 25 AD3d at 302).
Plaintiff also established entitlement to summary judgment on its Debtor and Creditor Law § 276 claim through evidence that there were badges of fraud supporting an inference of intent to defraud, including the intrafamilial nature of the transfer, the inadequacy of the consideration, and the continued benefit derived from the property by the parents after the conveyance (see Wall St. Assoc. v Brodsky, 257 AD2d 526, 528-529 [1st Dept 1999]). Contrary to defendants' contention, plaintiff was not required to show that defendants were aware of plaintiff's claims at the time of the conveyance (see Board of Mgrs. of BeWilliam Condominium v 90 William St. Dev. Group LLC, 187 AD3d 680, 682 [1st Dept 2020]). Thus, defendants' argument that they were unaware of plaintiff's claims at the time of the transfer was insufficient to raise a triable issue of fact.
The court providently exercised its discretion in granting a permanent injunction subject to modification by the court in the underlying action (see [*2]former Debtor and Creditor Law § 279, repealed by L 2019, ch 580, § 2; Galleon Syndicate Corp. v Pan Atl. Group, 223 AD2d 510, 511-512 [1st Dept 1996]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023