Board of Mgrs. of the 443 Greenwich St. Condominium v SGN 443 Greenwich St. Owner LLC (2024 NY Slip Op 03454)

Board of Mgrs. of the 443 Greenwich St. Condominium v SGN 443 Greenwich St. Owner LLC

2024 NY Slip Op 03454

Decided on June 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 25, 2024

Before: Singh, J.P., Kennedy, Mendez, Rodriguez, JJ. 

Index No. 656934/21 Appeal No. 2424 Case No. 2023-06109 

[*1]Board of Managers of the 443 Greenwich Street Condominium etc., Respondent,
v
SGN 443 Greenwich Street Owner LLC et al., Appellants, Greenwich 2D LLC et al., Defendants. (And Other Third-Party Actions.)

Wood Smith Henning & Berman, LLP, New York (Cole R. Munson of counsel), for appellants.
Hogan Lovells US LLP, New York (Nathaniel H. Benfield of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered November 8, 2023, which, to the extent appealed from as limited by the briefs, denied the motion of defendants SGN 443 Greenwich Street Owner LLC, SGN 443 Greenwich Street Fee Owner LLC, SGN 443 Greenwich Street Associates LLC, JS Greenwich LLC, NB 443 Greenwich Street LLC, Nathan Berman, Jack Berman, and Marc L. Fried (collectively, defendants) to dismiss the amended complaint as against them, unanimously affirmed, without costs.
The court properly denied defendants' motion to dismiss plaintiff's fraudulent conveyance claims under former Debtor and Creditor Law §§ 273 and 274 (see generally ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d 208, 228 [2011]). As to SGN 443 Greenwich Street Owner LLC and SGN 443 Greenwich Street Fee Owner LLC (collectively, the Sponsor), plaintiff sufficiently alleged that by keeping only $500,000 in reserve, the Sponsor effected related party transactions that left it insolvent or with unreasonably small capital, in light of, among other things, its outstanding obligation to obtain a permanent certificate of occupancy (PCO) for the subject building (see Board of Mgrs. of Loft Space Condominium v SDS Leonard, LLC, 142 AD3d 881, 882-883 [1st Dept 2016]; see also Hudson Spring Partners, L.P. v P+M Design Consultants, Inc., 210 AD3d 553, 554 [1st Dept 2022]). Plaintiff sufficiently alleged that the Sponsor sold condominium units at discounts to insiders and that the conveyances lacked fair consideration, including by detailing the discounted prices as compared to those advertised to the public. Plaintiff's allegations went beyond a "mere belief" that the transfers lacked fair consideration (Eagle Eye Collection Corp. v Shariff, 190 AD3d 600, 601 [1st Dept 2021] [internal quotation marks omitted]).
These facts also support plaintiff's Debtor and Creditor Law claims that pertain to alleged equity distributions, as it can be inferred that by making such distributions for no consideration, the Sponsor rendered itself unable perform its obligation under the offering plan to obtain a PCO (see 172 Van Duzer Realty Corp. v 878 Educ., LLC, 142 AD3d 814, 817-818 [1st Dept 2016]; see also ABN AMRO Bank, N.V., 17 NY3d at 228; compare Board of Mgrs. of Loft Space Condominium, 142 AD3d at 882 [affirming dismissal of the plaintiff's cause of action alleging that certain equity distributions violated Debtor and Creditor Law § 273 because the plaintiff "merely alleged the legal conclusion" and not "specific factual allegations" that the distributions were made without consideration] [internal quotation marks omitted]).
We have considered the defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2024