F.E. v Ebrahim (2026 NY Slip Op 00309)

F.E. v Ebrahim

2026 NY Slip Op 00309

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

Index No. 22260/12|Appeal No. 5640|Case No. 2025-03325|

[*1]F.E., etc., et al., Plaintiffs-Respondents,
vDr. Ebrahim et al., Defendants, Dr. Carmen Santiago et al., Defendants-Appellants.

Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Timothy M. Gallagher of counsel), for appellants.
Rawlins Law PLLC, Brewster (Gary N. Rawlins of counsel), for respondents.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered April 10, 2025, which, to the extent appeal from as limited by the briefs, granted plaintiffs' motion for leave to file the note of issue and denied the motion of defendants Dr. Carmen Santiago, Dr. Aparna Kulkarni, Dr. Yves Verna, and Bronx Lebanon Hospital pursuant to CPLR 3216(b) and (e) to dismiss the complaint for failure to file the note of issue, unanimously affirmed, without costs.
Defendants satisfied the requirements of CPLR 3216 by timely and properly serving plaintiffs with a 90-day notice on January 11, 2024, warning them about the potential for dismissal if they failed to resume prosecution of the action within 90 days (CPLR 3216[b]). Defendants' service of the 90-day notice through New York State Courts Electronic Filing System (NYSCEF) rather than by certified or registered mail did not invalidate the notice (see Uniform Rules for Trial Cts [22 NYCRR] § 202.5-b[d][1][i], [3][ii], [f][2][ii]). Service through NYSCEF was at most a procedural irregularity that should be overlooked in the absence of prejudice (see Balancio v American Opt. Corp., 66 NY2d 750, 751 [1985]).
We find that Supreme Court properly granted plaintiffs' motion for leave to file a late note of issue. CPLR 3216 is an "extremely forgiving" rule which "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (Espinoza v 373-381 Park Ave. S., LLC, 68 AD3d 532, 533 [1st Dept 2009] quoting Davis v Goodsell, 6 AD3d 382, 383 [2d Dept 2004]).
Plaintiffs' motion for leave to file a late note of issue made on April 13, 2024, was two or three days late. Although plaintiffs defaulted on the 90-day notice, a defaulting plaintiff who fails to act as required by the 90-day notice may avoid dismissal by showing a "justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216[e]; see Baczkowski v D.A. Collins Constr. Co., Inc., 89 NY2d 499, 503 [1997]).
Plaintiffs' motion for leave to file the note of issue demonstrated a justifiable excuse, as there were circumstances which reasonably made it impossible for "[counsel] to certify . . . that this case [was] ready for trial." Plaintiffs also established a meritorious cause of action by submitting an expert opinion on defendants' departure from the standard of care in their 2005 treatment of then-infant plaintiff F.E.
Moreover, "the circumstances presented also do not suggest an intent to abandon prosecution, persistent neglect on the part of plaintiff, or particular prejudice to defendants" (Gayle v Body, 157 AD3d 541, 541 [1st Dept 2018]). Accordingly, the Supreme Court providently exercised its discretion in granting plaintiffs' motion.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026