Borini v Inform Studios, Inc. (2026 NY Slip Op 00309)

Borini v Inform Studios, Inc.

2026 NY Slip Op 00309

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Webber, J.P., Gesmer, Higgitt, Michael, Chan, JJ. 

Index No. 654852/23|Appeal No. 5685|Case No. 2024-04834|

[*1]Joseph Borini et al., Plaintiffs-Respondents,
vInform Studios, Inc. et al., Defendants-Appellants.

Smith, Gambrell & Russell, LLP, New York (Daniel Q. Horner of counsel), for appellants.
Joseph Borini and Joanne Borini, respondents pro se.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered June 21, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Inform Studios Installer, Inc. (Installer), Block-Studio, Inc. (Block), and Patrick Eck to dismiss plaintiffs' complaint as against them under CPLR 3211(a)(7), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
In November of 2017, plaintiffs entered into a written agreement with defendant Inform Studio, Inc. (Inform), a general contractor, for renovations to their apartment. Defendant Eck, a licensed contractor and principal of Inform, signed the contract. Eck is also a principal of defendants Installer and Block. In October of 2023, plaintiffs commenced this action against Inform, Installer, Block, and Eck, asserting a claim for breach of contract as against all defendants.
The court should have granted the motion to dismiss the complaint as against defendants Installer, Block, and Eck. It is undisputed that the contract was only signed by plaintiffs and Eck as principal for Inform. Thus, to impose liability on Installer, Block, and Eck, the complaint was required to allege a sufficient factual basis for piercing the corporate veil and finding alter-ego liability (see Array BioPharma, Inc. v AstraZeneca AB, 184 AD3d 463, 464 [1st Dept 2020]; Remora Capital S.A. v Dukan, 175 AD3d 1219, 1220 [1st Dept 2019]).
Even applying the requisite liberal construction to the pleadings, plaintiffs' allegations fail to allege that Eck "exercised complete domination" of defendant corporations with respect to the transactions at issue and that "such domination was used to commit a fraud or wrong against [plaintiffs] which resulted in [their] injury" (Matter of Morris v State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]). The complaint contains only conclusory allegations, reciting several factors supporting veil piercing, made solely upon plaintiffs' "information and belief" (see 501 Fifth Ave. Co. LLC v Alvona LLC., 110 AD3d 494 [1st Dept 2013]; see also Cortlandt St. Recovery Corp. v Bonderman, 226 AD3d 103, 104 [1st Dept 2024], affd — NY3d &mdash, 2025 NY Slip Op 07078 [2025]).
Although the record shows that the corporate defendants are connected, as they share a common address and a common principal, plaintiffs have failed to show complete domination and control (see Sass v TMT Restoration Consultants Ltd., 100 AD3d 443, 443 [1st Dept 2012]; Fantazia Intl. Corp. v CPL Furs N.Y., Inc., 67 AD3d 511, 512 [1st Dept 2009]). Plaintiffs' proffered evidence demonstrated that Eck was a licensed contractor who acted on behalf of the corporate defendants. However, "by definition, a corporation acts through its officers and directors" (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776 [2011]). Thus, allegations and proof that Eck, a principal for all the corporate defendants, dealt with plaintiffs and represented the corporations are insufficient to pierce Inform's corporate veil (see J. Carey Smith 2019 Irrevocable Trust v 11 W. 12 Realty LLC, 240 AD3d 432, 433 [1st Dept 2025]; Springut Law PC v Rates Tech. Inc., 157 AD3d 645, 646 [1st Dept 2018]).
Moreover, the complaint lacks any allegations that Eck perpetrated "a wrong or injustice" against plaintiffs (see Morris, 82 NY2d at 142). Therefore, plaintiffs' breach of contract claim, without more, does not warrant piercing the corporate veil (see Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC, 146 AD3d 1, 12 [1st Dept 2016], affd 31 NY3d 1002 [2018]). Plaintiffs have not raised claims for fraud or similar wrongdoing, nor have plaintiffs alleged that Installer and Block were not legitimate subcontractor businesses, that they were created for the improper purpose of preventing plaintiffs from enforcing the contract, or that corporate funds were diverted to those entities to render Inform judgment proof (see World Wide Packaging, LLC v Cargo Cosmetics, LLC, 193 AD3d 442, 442-443 [1st Dept 2021]). Under these circumstances, plaintiffs failed to state a claim for breach of contract as against Installer, Block, and Eck (see Remora Capital S.A. v Dukan, 175 AD3d 1219, 1220 [1st Dept 2019]), and "the hope that something will turn up in discovery is an insufficient basis to deny the motion to dismiss" (Yovich v Montefiore Nyack Hosp., 212 AD3d 425, 426 [1st Dept 2023]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026